# Richmond.

## FLANAGAN v. CENTRAL LUNATIC ASYLUM.

### November 20, 1884.

APPELLATE COURT—*Abstract Questions.*—Pending proceedings to compel recognition of petitioner's right to a certain office, such change in the laws has been made, as that petitioner, at the time of the hearing of the case, has no longer rights or wrongs which could be affected by any order that could be entered, this court will not decide the questions involved, the same having become purely abstract.

Upon petition for writ of *mandamus*, by William M. Flanagan—a member of board of directors of Central Lunatic Asylum, appointed by the governor of this commonwealth, under act of the general assembly approved February 15, 1882, to serve three years from March 1, 1882, and who had been removed from that office by an order of the governor, dated February 5, 1882—against the said board and W. H. Wilkerson, appointed to succeed petitioner, to compel them to show cause why said board should not recognize petitioner's right to hold said office.

By act approved February 18, 1884 (Acts 1883–4, p. 156), the legislature declared the offices of all directors of the Central, Eastern and Western Lunatic Asylums to be vacant upon 15th April, 1884, so that all the directorships had become vacant before the call of this case for hearing.

*Wm. M. Flanagan, W. W. Cosby, Edgar Allan,* for the petitioner.

*Attorney General F. S. Blair,* for the respondents.

LACY, J., delivered the opinion of the court:

This is a petition of one of the directors of the Central Lunatic Asylum, presented on the 14th of February, 1883, alleging that he had been unlawfully removed from the said board of directors by an order of the governor of this common-wealth, and that the said board had since that time refused to recognize him as a member of the board, and praying a writ of *mandamus* against the members of said board, to compel them to receive and recognize him as a member of said board, upon the ground that the governor was without lawful authority to remove the members of the board appointed by him. This case has been passed by, term after term, by agreement between the parties, until the question of the right to the office claimed by the petitioner has been settled by act of the legislature; and the other members of the board, in like manner, have all been removed from office, so that it is now beyond their power to restore or recognize petitioner as a member of the board. So that the petitioner has now no rights to protect, or wrongs which can be redressed in the premises, which can be affected by any order which can be entered in this case. And while it is the duty of this court to try and decide cases, it is no part of its duty to try moot questions.

And the question, moreover, as to the power of the appoint-ing power to remove one of these directors is no longer an open question, the power to remove being expressly conferred by statute in the act of February 18th, 1884; these officers being legislative officers, the control of the legislature over their appointment and removal will not be questioned. If the peti-tioner shall be affected by the question of costs he cannot com-plain, as he has allowed his case to sleep until whatever rights he had, if any, had passed away. The petition is dismissed and the rule denied.

RULE DENIED.