By the Court.—Ingraham, J.
The action was commenced by the plaintiff as receiver of the property of the defendant Richard L. Schulhof, appointed in supplemental proceedings, against the said defendant to set aside a general assignment for the benefit of creditors made by the said defendant to defendant Loew, and certain transfers of a portion of the assigned property by Loew to the defendant Kraus and by Kraus to defendant Clara Schulhof, as fraudulent.
The relief demanded was that the assignment be declared void; that the defendants be adjudged to account for all the property received by them, and that the plaintiff be authorized to pay out of the proceeds of the property the judgment of the creditors, a.t whose suit he was appointed, and the costs of this action, and to hold the balance subject to the order of the court.
The defendant Loew failed to answer. The other defendants answered denying the fraud.
The court found that the assignment by Richard L. Schulhof to Loew was made with the intent to hinder, delay and defraud the creditors of said Richard Schulhof; that there was no actual change of possession of the property assigned to Loew, except of one sum of $300, and that Richard L. Schulhof remained in possession and had control of the assigned property until the same was destroyed by fire in March, 1887. That there was no consideration for the bill of sale of the property by Loew to Kraus, or for the bill of sale by Kraus to Clara Schulhof. That none of the property pretended to be assigned by the said bills of sale, was ever in the possession or under the control of said Kraus or said Clara Schulhof; that the value of the property that was assigned to Loew and included in the bills of sale amounted to more than sufficient to satisfy the claims of the plaintiff, and, as conclusion of law, that the assignment to Loew was void; that the said bills *90 of sale were fraudulent and void, and that plaintiff is entitled to recover a money judgment against all the defendants for the amount of the judgment recovered by the creditors at whose suit he was appointed, with costs, and judgment in accordance with these conclusions of law was duly entered.
The evidence was sufficient to sustain the finding that the assignment by Schulhof to Loew was fraudulent and void, and so far as the judgment affects Richard L. Schulhof and Loew, the judgment was right, and it should be affirmed with costs.
I do not think, however, that the defendants Kraus and Clara Schulhof are, upon the facts found, liable to pay to the plaintiff the amount. None of the judgment debtor’s goods ever came into their possession or control. Neither of them received any portion of the judgment debtor’s property or its proceeds, but according to- the facts as found by the trial judge, the property remained in the possession of the assignor until it was destroyed by fire. Neither of these defendants, therefore, have received any of the debtor’s property or its proceeds.
The jurisdiction of courts of equity in an action of this character arises from the fact that property of the judgment debtor, or its proceeds, applicable to the payment of his debts, is by reason of some fraudulent devise or transfer placed beyond the reach of an execution to enforce the judgment, or from the nature ■of the property itself the ordinary legal remedies will afford the creditor no relief; but where it appears that at the time of the commencement of the equitable action there is no such property of the judgment debtor, nor the proceeds of any such property in existence, there is nó necessity for the intervention of a court of equity to enforce the creditor’s rights, and the plaintiff has, therefore, no cause of action in equity. The complaint which seeks to set aside, as •fraudulent, a bill of sale of property that had been *91 absolutely destroyed before the commencement of the action, and the setting aside of which could give the creditor no advantage, states no equitable cause of action.
I think, therefore, that on the facts found there was no cause of action against the defendants Kraus and Clara Schulhof, and as to those defendants the judgment should be reversed and a new trial ordered, with costs to the defendants to abide the event.
Sedgwick, Ch. J., and Freedman, J., concurred.