TEXAS CHANNEL & DOCK CO. et al. v. STATE.†

(Court of Civil Appeals of Texas. Dec. 7, 1910. Rehearing Denied Jan. 4, 1911.)

1. PUBLIC LANDS (§ 175*)—ISLANDS—LOCATION—RESERVATION

It is the policy of the state of Texas to reserve its islands from location.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 555; Dec. Dig. § 175.*]

2. PUBLIC LANDS (§ 176*)—LANDS OF STATE—ISSUES AND PATENTS.

The issuance of a patent to public lands is a ministerial act and must be performed according to law.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 176.*]

3. PUBLIC LANDS (§ 175*)—LANDS OF STATE—ISLANDS—LOCATION OF CERTIFICATE.

Where a special act authorized the issuance of a land certificate to W., but did not expressly authorize its location on an island

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

† Writ of error granted by Supreme Court.

belonging to the state, it could not be so located.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 555; Dec. Dig. § 175.*]

**4. PUBLIC LANDS (§ 175*) — LOCATION — ISLANDS—RATIFICATION.**

Land certificates having been issued to W. were located on islands belonging to the state, after which special acts were passed providing that a harbor company, which was then claiming to own the W. location and under whom a dock and terminal railway company claimed title, might purchase any and all the harbor land on terms which were never performed, except 25 acres deeded to the United States for lighthouse purposes, etc., subject to the proviso that nothing therein should impair the vested rights of other persons. *Held*, that such special acts did not constitute a ratification of W.'s location of his certificates on the islands.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 175.*]

**5. ACTION (§ 6*) — MOOT QUESTIONS — JUDGMENT—CROSS-BILL.**

Where, in a suit by the state to recover islands, it did not seek to prevent defendant railroad company from building a railroad at some future time on the land in question, and the railroad company had not built any portion of its road on the land and had no possession, its plea attempting to raise an issue as to its legal right to build a railroad across the island raised a mere moot question, on which it was not entitled to judgment.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 40; Dec. Dig. § 6.*]

**6. STATES (§ 191*) — RIGHT TO SUE — CROSS-BILL.**

In ejectment by the state to recover an island, one of the defendants was not entitled by cross-bill to raise issues and obtain affirmative relief, under the rule that a citizen may not sue the state without its consent.

[Ed. Note.—For other cases, see States, Dec. Dig. § 191.*]

Appeal from District Court, Travis County; Chas. A. Wilcox, Judge.

Action by the State against the Texas Channel & Dock Company and others. Judgment for plaintiff, and defendants appeal. Reformed and affirmed.

Denman, Franklin & McGown, for appellants. Jewel P. Lightfoot, Atty. Gen., and L. A. Dale, Asst. Atty. Gen., for the State.

JENKINS, J. This suit was brought by the state of Texas to recover two certain tracts of land on Harbor Island, and to cancel a patent to said land issued to William A. A. Wallace and John W. Maddox; said lands having been located by virtue of a certificate issued to said Wallace by special act of the Legislature.

The contention of the state is that said patents are void, for the reason that the land upon the islands of Texas was not subject to location by land certificates. The appellants, while not controverting this as a general proposition, contend (a) that this particular certificate could be legally located on the islands of Texas, by virtue of the act under which it was issued; (b) that if this

be not true, said location and patents have been validated by certain acts of the Legislature, which will hereafter be further referred to; (c) that in the event the state should recover the lands sued for, the appellant, the Aransas Harbor Terminal Railway, alleges that it has surveyed and located its right of way and depot grounds on said land, and prays that its right thereto be "recognized by the decree of the court, and that it be forever quieted in its title and possession thereto."

No jury being demanded, the cause was tried before the court, who filed his findings of fact and conclusions of law, and entered judgment thereon as against the defendants, the Texas Channel & Dock Company, the Aransas Harbor Terminal Railway, the Maryland Trust Company, Alexander, Brown & Sons, the unknown heirs of Frank Hamilton, and the unknown heirs of William A. A. Wallace, that said patents be canceled and that the state recover the land sued for. The other defendants having filed disclaimers, the suit as to them was dismissed. Judgment was also rendered in favor of the Aransas Harbor Terminal Railway, recognizing its right to a right of way and depot grounds, as will hereafter be more fully set out.

1. That the policy of the state of Texas from the days of the Republic has been to reserve its islands from location is not an open question. Roberts v. Terrell, Com'r, 101 Tex. 577, 110 S. W. 733; State v. Delesdenier, 7 Tex. 76.

2. "The issuance of a patent is a ministerial act, and must be performed according to law; if issued against law, it is void, and those claiming under it acquire no right." State v. Delesdenier, supra, at page 109 of 7 Tex.

3. The special act under which the Wallace certificate was issued did not authorize its location on an island. We can add nothing on this subject to the able opinion of Mr. Justice Williams on this identical point in Roberts v. Terrell, supra, and nothing is needed. Upon authority and reason, said opinion is conclusive.

4. The special acts which appellants claim ratified the location of the Wallace certificate on Harbor Island, and the patents issued thereon, were passed in 1897, and provided that the Aransas Pass Harbor Company, which was then claiming to own the Wallace locations, and under whom the appellees, the dock company and the terminal railway company, claim herein, might purchase any or all of Harbor Island, upon terms as to obtaining deep water (which were never performed), except 25 acres theretofore patented to the United States for lighthouse purposes, and the land on which the quarantine station was situated, describing the same by metes and bounds. Said act contained this proviso:

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

"Be it further provided that nothing in this act contained shall be so construed as to affect or impair the vested rights of any person, firm, association of persons, or corporation."

The contention of appellants is that the Legislature, by use of the words "vested rights" in this proviso, meant to ratify the patents theretofore issued to Wallace and his assignee. If it was the intention of the Legislature to recognize the validity of the Wallace patents, why not say so, as was done in reference to the lighthouse patent? If it was the intention of the Legislature to ratify the void patent which had theretofore been issued to these lands, why not so state in plain terms, instead of concealing its meaning under the general expression used in this proviso, one which is so often inserted in legislative enactments, and which, when taken in connection with the subject-matter of the act, is often unnecessary and meaningless? Or rather if it was the purpose of the Legislature to ratify these void patents, why not do so in an act for that purpose, which would have so declared in its caption? We cannot hold that the Legislature, by such general expressions as are to be found in this proviso, meant to ratify a departure from the long established custom of the state in reference to the location of her islands.

5. The judgment of the court in reference to the right of way and depot grounds claimed by the appellant, the Aransas Harbor Terminal Railway, is shown by the cross-assignment of the state, which is as follows: "The lower court erred in subdivision 5 of its conclusions of law as follows: 'I conclude that the land situated upon Harbor Island belonging to the state, until reduced to private ownership, or until appropriated by the state to some specific use inconsistent with the right of a railroad to use it, may be appropriated by the defendant the Aransas Harbor Terminal Railway Company, for the purpose of constructing a railway, under the provisions of chapter 8, title 94 of the Revised Statutes of 1895. And it appearing from the evidence that said Aransas Harbor Terminal Railway has heretofore surveyed and located its right of way through the lands in controversy, this judgment shall be without prejudice to the rights of said railway to construct its road over the land herein recovered by the state, along the route heretofore surveyed by said road, provided said road is constructed before said land is sold or otherwise appro-

priated by the state, or otherwise appropriated under the laws of this state.'"

If by this is meant only that the Aransas Harbor Terminal Railway will not be prejudiced by this judgment as to its right, if any it has, to build a railroad across Harbor Island, we think it is unnecessary, for it is not probable that any court would so construe the judgment. The contention of said appellee is that, under the Constitution and statutes of this state, all railroads are entitled to a right of way across "any lands belonging to the state," whether on the mainland or an island. Const. art. 10, § 1; Rev. St. 1895, arts. 4422, 4423. If this be correct, a judgment declaring that the lands in controversy belonged to the state would confirm, rather than deny, the right of said appellant to build its road across said land. But, if said portion of the judgment herein is meant to vest any present right, of any character, in or to any portion of said land for right of way purposes, we think the same is void for want of jurisdiction, in this: The state did not seek in this suit to prevent said appellant from building a railroad at some future time on or across said land. The said appellant has not built any portion of its railroad on or across said land, and therefore cannot defend its possession to any portion of said land under the general issue; for it has no possession. The pleading of the said appellant in this regard is, in effect, a suit by it against the state by a cross-bill. No one has the right to sue the state without its consent. The issue tendered under this plea, viz., whether or not it would have the legal right to build a railroad across an island belonging to the state, if at some future time it should desire to do so, is merely academic. Its survey does not give it a right of way; it may never attempt to build, and if it does the state may not object. Courts are not organized to give opinions on hypothetical legal questions, but to determine the legal rights of parties when such rights are denied them.

For the reason that so much of the judgment of the court below as undertakes to adjudicate the right of the Aransas Harbor Terminal Railway to right of way, and to quiet it in its title and possession of the same, does not pertain to any issue legally involved in this suit, the same is hereby set aside and vacated.

Finding no other error in the record, the judgment as thus reformed is affirmed.

Reformed and affirmed.