FUNK & WAGNALLS COMPANY, PLAINTIFF AND APPEL-
LEE, v. MAX STAMM, DEFENDANT AND APPELLANT.

Submitted July 7, 1913—Decided November 17, 1913.

If the facts agreed to indisputably show that a contract was made
    in a foreign state, and that condition is dispositive of the case,
    an admission by the litigants that it was made in this state is
    an admission of the legal consequences of an agreed state of
    facts, which is not binding on a court because it submits for
    determination an abstract question which does not arise on the
    existing facts.

On appeal from the Passaic County Circuit Court.

For the appellant, *Benjamin L. Stein.*

For the appellee, *Freeman & Westerhoff.*

The opinion of the court was delivered by

BERGEN, J. The defendant purchased from plaintiff a pub-
lication issued by it, consisting of twelve volumes, which were
delivered and partial payments made until, of the purchase
price of $120, but $40 remained unpaid, to recover which a
suit was instituted in the Circuit Court of the county of Pas-
saic, where a jury was waived and the cause submitted upon
an agreed state of facts, the result being a judgment for
plaintiff, from which defendant appeals.

The defence pleaded, and upon which defendant relies, was
that the contract was made in the State of New Jersey and
plaintiff, not having obtained from the secretary of state a
certificate authorizing it to do business in New Jersey, as
required by section 97 of "An act concerning corporations
(Revision 1896)" (*Pamph. L.,* p. 307; *Comp. Stat.,* p.
1657), is prohibited by section 98 of the same statute from
maintaining an action on such contract. The issue thus pre-
sented is, Was the contract made by the plaintiff in this state?
The plaintiff is a foreign corporation, and the prohibition is

that "it shall not maintain any action in this state upon any contract made by it in this state."

To prohibit a recovery, according to this statute, two conditions must exist, namely, that the plaintiff is a foreign corporation doing business in this state without the required certificate, and also that the contract sued on was made by it in this state. This appeal raises the question whether on the agreed facts the trial court was justified in overruling the defence and directing judgment for the plaintiff. The agreed facts submitted are—that plaintiff is a foreign corporation with its office and place of business in New York City; that plaintiff sent by mail to defendant, who resides in Paterson, in this state, an advertisement of the books in question; that defendant wrote to plaintiff concerning the books, whereupon it sent a solicitor or agent from New York to call upon defendant, who gave to the agent an order duly signed, addressed to the plaintiff at its principal office in New York, which reads: "Please deliver to my address, charges prepaid, one set of The Jewish Encyclopædia in twelve volumes Full L binding, for which I agree to pay you the sum of $120.00 as follows: With this order $5.00, and on the first of each month thereafter the sum of $5.00 until the full amount has been paid." This order also contained a condition that the ownership of the books should remain in the plaintiff until the entire amount was paid, and it required that all payments but the first, which the agent might receive, be paid to plaintiff in New York City; that defendant made the first payment by check to the order of the plaintiff which, with the order for the books, was delivered by the agent on the following day, to the plaintiff in New York who acknowledged the receipt of the check and order by a letter mailed from its New York office; that the books were shipped by the plaintiff from New York City to the defendant in Paterson; that plaintiff did not obtain any certificate authorizing it to do business in New Jersey from the secretary of state; that the plaintiff does business generally in New Jersey, and that the contract sued on was made in the State of New Jersey.

It is quite apparent, from the agreed facts, aside from the concluding clause, that this contract was not completed until the check or order was accepted by the plaintiff in New York, for the plaintiff might have declined to receive the check as the first payment or to accept the order. That a contract takes effect as of the place where it is concluded is too well settled to require citation of authorities in its support, and this judgment should be affirmed upon the ground that the contract sought to be enforced was not made in this state, and therefore not subject to the prohibition contained in section 98 of the statute above referred to, unless the admission of the plaintiff, contained in the agreed facts, that the contract was made in New Jersey settles the issue in favor of the defendant's plea that the contract was made in this state. Without this admission the plaintiff's right to recover upon his contract would seem to be beyond question, because, eliminating this admission, the facts show that the contract was not made in this state and therefore not subject to the statute evoked by the defendant. The apparent purpose of this concession by the plaintiff was to obtain the opinion of the court upon an assumed situation, otherwise unnecessary, as to the effect of the statute above mentioned upon interstate business conducted as was that of the plaintiff, for the entire argument in this court is directed to that question.

The conclusion we have reached is, that the undisputed facts submitted permit but one inference, and that is, that this contract was not made in this state. The admission of a contrary result by the plaintiff is a conclusion, not of fact, but of the legal consequence of the facts stated, which is not binding upon a court, for parties to a litigation cannot, by agreement, deprive a court of its undoubted right to determine the legal effect of the uncontradicted facts appearing in a cause, by an admission inconsistent with the legal conclusion arising therefrom.

The case sought to be presented seeks the determination of an abstract question which does not arise upon existing facts, a situation which falls within the definition of a moot case (*Bl. L. Dict.* (2d ed.) 791), but is based on an erroneous

conclusion of the legal effect of existing facts. The trial court accepted the erroneous conclusion as an existing fact and based its judgment upon the interstate character of plaintiff's business, but as the judgment is supportable upon the ground that the contract was not made in this state, it should be affirmed for that reason. . Whether this suit would be prohibited by our statute, if the contract was in fact completed in this state, is a question not properly before us, and therefore no opinion is expressed thereon.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ. 14.

*For reversal*—None.