S. DAVIDSON & BROS. INC., Appellant, v. F. J. YOUNKER, and BEN J. NESS, Sheriff, Appellees.

**Sales:** DETERMINATION OF TITLE: MOOT QUESTION. The acquisition of
1 title to property through both a conditional bill of sale and through a sheriff's bill of sale by purchase will preclude a court from charging the property with a lien in favor of such owner; as a determination of which was the better source of title would simply be a moot question.

**Same:** CONDITIONAL SALE: RIGHTS OF SELLER. Plaintiffs sold personal
2 property reserving the title until the balance of the price was paid. Defendant in this action sued the purchaser for rent and attached the property, which the sheriff refused to release and plaintiff brought this action to establish a lien thereon. Pending this suit the sheriff sold the property to the plaintiff and he amended his petition alleging these facts and asked judgment for the value of the property not exceeding the balance of the purchase price due from defendant. It appeared upon the trial that plaintiff had received from the sheriff part of his bid for the property. *Held*, that plaintiff was not entitled to the relief demanded in the absence of any allegation or proof that the amount paid the sheriff for defendant's benefit was so paid through fraud or mistake.

*Appeal from Polk District Court.*—HON. CHARLES S. BRADSHAW, Judge.

SATURDAY, NOVEMBER 22, 1913.

SUIT in equity to establish a lien on personal property. A demurrer to the petition was sustained by the district court. The plaintiff appeals.—*Affirmed*.

*R. G. Patton* and *Dale & Harvison*, for appellant.

*H. L. Bump*, for appellees.

PER CURIAM.—It appears from the plaintiff's petition

that on April 2, 1910, it sold a large amount of furniture to one Nettie Freeman by conditional bill of sale, whereby title was reserved in the plaintiff until the purchase money was paid. Such conditional bill of sale was recorded on April 5th. At the time of such transaction Freeman was a tenant of the defendant Yonker, and the furniture in question was delivered to her upon the Younker premises and prior to April 5th. The purchase price to the plaintiff was $1,300, on which payments amounting to $800 were subsequently made. Shortly prior to January 17, 1912, the defendant Younker brought an action for rent against Freeman, and caused the levy of a landlord's writ of attachment upon the furniture included in the conditional bill of sale.

Quoting from the petition:

Par. XII. On the 17th day of January, A. D. 1912, plaintiff delivered to defendant Ness, as sheriff, notice in writing, duly verified, of its title to and ownership of, all of the property levied on, which had been sold conditionally, by plaintiff's assignor and by plaintiff to defendant Freeman, claiming immediate possession of the same, as security for an unpaid balance of account, due to plaintiff in the sum of about $632.37.

The defendant sheriff, being indemnified by proper bond, refused to release the property. Thereupon, on January 29th, this action was begun against Younker and one Hopkins as principal and surety, on the indemnifying bond. The action was later dismissed as against Hopkins. The indemnifying bond delivered to the sheriff by his co-defendant bound them to "pay to any claimant of said property, the damage he will sustain in consequence of such seizure or sale, and will warrant to any purchaser of the property such estate or interest therein as is sold, then this obligation to be void; otherwise in force." On March 6th following, the sheriff offered the property at public sale under special execution. Thereupon the plaintiff purchased the same for $620, and accepted from the sheriff a bill of sale thereof in ordinary form, whereby the plaintiff became the undisputed

owner of all said property. Thereafter, on August 15, 1912, the plaintiff filed its "amended and substituted petition in equity," whereby all the matters above set forth were alleged. The prayer of such substituted petition was as follows:

Wherefore plaintiff prays for judgment and decree against defendant Freeman, establishing plaintiff's title to and ownership of all of the property described in Exhibit BB as attached hereto, . . . as security for the payment of the balance of the purchase price of all said goods sold to defendant Freeman, with interest at the rate of 8 per cent. per annum and costs, and fixing and establishing the amount justly due from defendant Freeman to plaintiff, and awarding to plaintiff judgment thereon, against defendant Freeman, in the sum of $775.07, or such other sum as the court may adjudge to be justly due, with interest and costs. Plaintiff further prays for a decree against defendant Falk J. Younker, adjudging plaintiff's bill of sale, Exhibit CC, as prior, superior, and paramount to the landlord's lien asserted by defendant Younker as to all of said property set out in Exhibit BB, levied on by the sheriff, . . . ascertaining and fixing the value of plaintiff's said property so levied on and sold under said landlord's attachment proceedings, judgment, and special execution, and awarding judgment in favor of plaintiff and against defendant Younker, for the value so fixed, but not exceeding the balance of the unpaid purchase price -of the goods sold by plaintiff.

The trial court sustained a demurrer to this substituted petition, and dismissed the same upon the refusal of the plaintiff to amend. One ground of the demurrer was that the plaintiff was not entitled to the relief prayed.

The case as originally brought presented some debatable questions as to the priority of the respective liens of the parties, and these have been very fully discussed in plaintiff's brief.

We are confronted, first, with the new situation created by the plaintiff's purchase of the goods in controversy. Its

first prayer for relief is that its title and ownership be estab-
lished. Confessedly it has already acquired
the undisputed title and possession of all such
property. It is in no position to ask the court
to charge the property in its hands with a lien in its own
favor. Having acquired the title, both through its own con-
ditional bill of sale and through the sheriff's bill of sale, it
can be only a moot question to say now which was the better
source. It is true that the defendant asks this particular
relief only as against the defendant Freeman. But it does not
appear that she has ever disputed the plaintiff's title, or that
she was ever served with notice of the suit, or that she has
appeared therein. This part of the prayer for relief there-
fore may be disregarded.

1. SALES : deter-
mination of
title : moot
question.

The only other relief prayed was, as against Younker,
that the court ascertain the value of the property in con-
troversy and award judgment to plaintiff against Younker for
the amount of such value, not exceeding the
amount of the unpaid purchase price. No
relief is asked against the sheriff. The amount
of Younker's judgment was $330. The plaintiff having re-
ceived title and possession of all the property from the sheriff
for $620, the allegations of the petition show no ground for
this prayer against Younker. Manifestly if the plaintiff could
recover back the $620 which it had paid, it would be whole.
According to the statements contained in its brief, it not only
received the property from the sheriff on its bill of sale, but
it received back from the sheriff $260 of its bid to apply upon
its claim against Freeman. Accepting this statement, if the
plaintiff could have recovered back the remaining $360, it
would have won its entire contention. The only possible relief
therefore open to the plaintiff is that it recover back the money
paid to the sheriff for the benefit of Younker. This, however,
is not the relief prayed, and the facts pleaded are not suffi-
cient to entitle the plaintiff even to such relief. If it can re-
cover back the money so paid, either from the sheriff or from

2. SAME : condi-
tional sale :
rights of
seller.

Younker, it must be because the same was obtained either through fraud, duress, or mistake. Plaintiff's pleading alleges nothing of the kind. The payment appears to have been made intelligently and voluntarily, with full knowledge of all the antecedent facts as now pleaded. The purchase and payment by plaintiff amounted, in practical effect, to a settlement of the controversy.

The demurrer was rightly sustained, and the order of the district court is *Affirmed*.

WEAVER, C. J., and LADD, EVANS, and PRESTON, JJ., concur.