(167 App. Div. 314)

NEW YORK ELECTRIC LINES CO. v. GAYNOR et al. (EMPIRE CITY SUBWAY CO., Limited, Intervener). (No. 7222.)

(Supreme Court, Appellate Division, First Department. May 7, 1915.)

1. ELECTRICITY &4—TELEGRAPHS AND TELEPHONES &10—FRANCHISES— ABANDONMENT.

A corporation to construct and maintain under the surface of streets electric wires for telephonic and telegraphic communication, and for electric lighting, which obtains permission from the city to use the streets, but fails for over 20 years to take any steps to construct underground wires, thereby loses by abandonment the right conferred by the permission, and the city may, by resolution, revoke the permit.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 1; Dec. Dig. &4; Telegraphs and Telephones, Cent. Dig. § 6; Dec. Dig. &10.]

2. JUDGMENT &713—RES JUDICATA—QUESTIONS CONCLUDED.

A decision of the Court of Appeals, rendered in a suit by a corporation to construct and maintain underground electric wires, on obtaining permission from a city so to do, that its permit had been legally revoked by the municipal authorities, is a complete adjudication and bars a subsequent action by the corporation to determine its rights under the permit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1063, 1066, 1099, 1234–1237, 1239, 1241, 1247; Dec. Dig. &713.]

3. ACTION &6—ACTIONS TO DECLARE RIGHTS.

A suit by a corporation authorized to construct and maintain underground electric wires, pursuant to permission granted by a city, to secure an adjudication that a revocation of a permit is invalid, and that it has acquired vested rights under the permit which remain effective, presents only an academic question as to past matters, and equity will deny relief on that ground.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 40; Dec. Dig. &6.]

---

&For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, New York County.

Action by the New York Electric Lines Company against William J. Gaynor and others. From a judgment denying relief, plaintiff appeals. Affirmed.

See, also, 152 N. Y. Supp. 1130.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOW-LING, and HOTCHKISS, JJ.

Alexander S. Bacon, of New York City, for appellant.

William P. Burr, of New York City, for respondents City of New York and others.

Edmund L. Mooney, of New York City, for respondent Empire City Subway Co.

HOTCHKISS, J. The plaintiff was incorporated in the year 1882, under Laws 1848, c. 265, as amended by Laws 1853, c. 471, and other acts for the purpose, among other things, of "owning, constructing, using, maintaining and leasing lines of telegraph wires or other electrical conductors for telegraphic and telephonic communication and for electric illumination, to be placed under the pavement of the streets * * * of the cities of New York and Brooklyn," and "for the purpose of owning franchises for laying and operating the said lines of electric conductors." By Laws 1881, c. 483, any company so incorporated was authorized "to construct and lay lines of electrical conductors underground in any city," provided that it "first obtain from the common council" of such city "permission to use the streets" for the purposes set forth. On April 10, 1883, the common council of the city of New York passed a resolution, the substantial portion of which was as follows:

"Resolved, that permission be and hereby is granted to the New York Electric Lines Company, to lay wires or other conductors of electricity, in and through the streets, avenues and highways of New York City and to make connections of such wires or conductors underground by means of the necessary vaults, test boxes and distributing conduits, and thence above ground with point of electric illuminations or of telegraphic or telephone signals in accordance with the provisions of an ordinance * * * approved * * * December 14, 1878."

On April 24, 1883, the plaintiff presented to the common council, and the latter spread upon its minutes, what the plaintiff claims to have been a formal acceptance by the plaintiff of the terms of the aforesaid resolution. On May 11, 1906, the board of estimate and apportionment, the successor of the board of aldermen in the premises, passed a resolution, by which, after reciting that under the resolution of the board of aldermen of April 10, 1883, the New York Electric Lines Company (this plaintiff) claimed to have received permission to open the streets of the city, etc., and that said company had failed and neglected for upwards of 23 years to exercise the privileges granted by said resolution of April 10, 1883, and had forfeited all its rights and privileges thereunder, in consideration of all of which it was resolved that all rights of the said company, if any, arising from the said resolution of April 10, 1883, "be and hereby are revoked and terminat-

ed and the resolution of the board of aldermen adopted on such date is hereby in all respects repealed and revoked."

It would serve no useful purpose to recite at length and in detail the subsequent history of the plaintiff or of its numerous attempts to enforce what it has so often asserted to be its rights arising from the foregoing resolution and its acceptance thereof. They are fully recited in the opinion of Mr. Justice Hughes (November 30, 1914) in the action of this plaintiff against the Empire City Subway Company, Limited, 235 U. S. 179, 35 Sup. Ct. 72, 59 L. Ed. ——, which reached the Supreme Court of the United States on a writ of error to review the decision of the Court of Appeals in the matter of the application of this plaintiff for a writ of mandamus against the said Empire City Subway Company, Limited. 201 N. Y. 321, 94 N. E. 1056. In the case of People ex rel. This Plaintiff v. Ellison, 188 N. Y. 523, 81 N. E. 447, it was decided that what, if any, rights this plaintiff had to lay its electrical conductors under the streets of New York were subject to the provisions of certain statutes and to contracts and proceedings thereunder, giving to the board of commissioners of electrical subways and its successors certain powers, rights, and duties, to all of which it was held that the plaintiff in this action must conform. Thereafter this plaintiff sought a peremptory writ of mandamus to compel the Empire City Subway Company, Limited (which had, by contract made in pursuance of the statutes above referred to, been given certain rights in and about underground conduits in this city, with authority to lease space in the same for the use of other corporations having lawful power to operate telegraphic or telephonic conductors in any street or avenue of this city), to admit to and assign space in its conduits for the wires of this plaintiff. The plaintiff's application for such mandamus was denied in the first instance, which denial was affirmed by the Court of Appeals (201 N. Y. 321, 94 N. E. 1056), and this decision was upheld by the Supreme Court of the United States on the writ of error to which I have referred. The decision of the Court of Appeals last referred to proceeds upon two grounds: (1) That the resolution of the board of aldermen of April 10, 1883, granting this plaintiff permission to use the streets, as hereinbefore set forth, was a license merely, revocable at the pleasure of the city, unless it has been accepted and some substantial part of the work contemplated by the permission, and sufficient to create a right of property, and thus form a consideration for the contract, had been performed; and (2) that although there may have been, on the part of the plaintiff, a bare acceptance of said resolution, plaintiff had failed to show such substantial compliance therewith as to constitute an actual acceptance or the creation of any right of property in the plaintiff, and that the board of estimate and apportionment had power to and did revoke the permit granted to this plaintiff under said resolution of April 10, 1883. In reviewing this decision, the Supreme Court of the United States seems not to have lent its approval to the theory that the resolution in question constituted a mere revocable license, but to have held that:

"Grants like the one under consideration are not nude pacts, but rest upon obligations expressly or impliedly assumed to carry on the undertaking to

which they relate. * * * They are made and received with the understanding that the recipient is protected by a contractual right from the moment the grant is accepted and during the course of performance as contemplated, as well as after that performance."

But the court said:

"But while the grant becomes effective when made and accepted in accordance with the statute, and the grantee is thus protected in starting the enterprise, it has always been recognized that, as the franchise is given in order that it may be exercised for the public benefit, the failure to exercise it, as contemplated, is ground for revocation or withdrawal. * * * It is a tacit condition annexed to grants of franchises that they may be lost by misuser or nonuser. * * * The same principle is applicable when a municipality, under legislative authority, gives the permission which brings the franchise into being; there is necessarily implied the condition of user. * * * It follows that, where the franchise has not been exercised within a reasonable time in accordance with the condition which inheres in the nature of the grant, its revocation upon this ground cannot be regarded as an impairment of contractual obligations. The privileges conferred may be withdrawn by such methods of procedure as are consistent with established legal principles. * * * For a long period of years after the final determination of the validity of the statutes authorizing a comprehensive scheme of subway construction, and after the contract with the subway company had been made, the plaintiff in error made no attempt to secure space and to exercise the franchise now claimed. It treated that right as susceptible of practically indefinite retention unused. In the circumstances disclosed, its excuses are unavailing. The right conferred, assuming it to be a contract right, was to be used within a reasonable time or lost. In view of the state of the case as to nonexercise, it cannot be said that its constitutional right has been infringed."

Shortly after the decision of the Court of Appeals denying plaintiff's application for mandamus against the Empire City Subway Company, Limited (201 N. Y. 321, 94 N. E. 1056), plaintiff commenced this action against the mayor of the city and other officials, constituting the board of estimate and apportionment, with which was impleaded the Empire City Subway Company, Limited. The substance of plaintiff's amended complaint includes a history of its incorporation, the said resolution of April 10, 1883, the acts claimed to have been performed by plaintiff in pursuance thereof, and the various legal proceedings to which it has been a party and in which it has sought to enforce its alleged rights in the premises, notwithstanding the revocation of the said resolution, as hereinbefore set forth, which revocation plaintiff alleges was wholly invalid and void, and that by reason thereof plaintiff has been denied admission to the public subways for telephone and telegraph wires operated or under the control of the Empire City Subway Company, Limited. The prayer of the complaint is that the resolution of the board of estimate and apportionment passed May 11, 1906, repealing the resolution of April 10, 1883, and revoking all rights thereunder, be declared void, and that it be decreed that all of the plaintiff's alleged rights under said resolution of April 10, 1883, be decreed to be in full force and effect, and that plaintiff is entitled to exercise all its rights thereunder.

[1] After a trial of the issues the Special Term has found that, if plaintiff ever had any rights by reason of said resolution of April 10, 1883, the same were lost by abandonment for over 20 years; that

the revocation of said resolution was valid; and that plaintiff had failed to prove any facts entitling it to any equitable or other relief whatsoever, for which reason its complaint was dismissed on the merits. Although this disposition of the case meets our entire approval, there are two further grounds which I think are fatal to plaintiff's claim to any relief in this action.

[2] As I have already pointed out, on the application of the plaintiff for a writ of mandamus against the Empire City Subway Company, Limited, the Court of Appeals held that the act of the board of estimate and apportionment, in revoking the resolution of April 10, 1883, was lawful and served to effectually rescind its previous resolution. This is a complete adjudication against the rights sought to be established by the plaintiff in this action and a bar to the present attempt to revive and relitigate the same.

[3] Furthermore, the questions now sought to be raised and litigated are purely academic, and do not arise with respect to any act or proceeding on the part of anybody affecting the plaintiff. Nothing is alleged concerning its rights or interests, except such things as pertain to past matters, which have been wholly concluded. The present action amounts to nothing more nor less than an attempt to secure an adjudication that the aforesaid revocation of the resolution of April 10, 1883, was invalid, and that the plaintiff acquired vested rights under said resolution, which are still effective. In this attempt the plaintiff must fail because of "the ordinary rule that, to put a court of equity in motion, there must be an actual litigation in respect to matters which are the proper subjects of the jurisdiction of that court." Mayor, etc., v. Fitch, 9 App. Div. 452, 456, 457, 41 N. Y. Supp. 354.

The judgment appealed from should be affirmed, with costs. Order filed. All concur.