On the 2d day of April, 1929, there was filed in the office of the clerk of Atlantic county an order in the following words:
"I hereby designate Honorable Henry H. Eldredge, judge of the court of common pleas of the county of Cape May, New Jersey, to sit for me and hold and try orphans court in May's Landing on April 24th, 1929, and on subsequent days and dates in the month of April and May necessary to hear all the evidence and dispose of the will contest in the estate of Samuel M. Braunstein, deceased.
Dated March 30th, 1929.
 WM. H. SMATHERS, Judge of the Court of Common Pleas of Atlantic County." *Page 683 
This order was presented to one of the clerks of the Atlantic county clerk's office in Atlantic City, a branch office of the clerk, established in that city for the purpose, inter alia, of receiving papers for transmission to the clerk's office at the county seat.
On March 30th, 1929, Judge Smathers was the only judge of the court of common pleas of Atlantic county. Joseph A. Corio had previously thereto been appointed and had taken his oath of office. His commission took effect on the 1st day of April, 1929 (article 4, section 6, clause 1, constitution of New Jersey), and he entered upon the performance of the duties of his office at that time.
The matter of the probate of the alleged will of Samuel M. Braunstein, deceased, was at issue in the orphans court of Atlantic county on the said 30th day of March, 1929. A petition was filed seeking to set aside said writing made by Judge Smathers.
A rule to show cause was granted by Judge Corio, who, after hearing the parties on the return day, April 22d 1929, entered an order as follows:
"ATLANTIC COUNTY ORPHANS COURT.
In the matter of the probate of the alleged will of SAMUEL M. BRAUNSTEIN, deceased. On caveat against probate of will. On rule to show cause. Order.
This matter coming on to be heard on the return of the rule to show cause, duly served herein, in the presence of Cole Cole, proctors for the proponents, and Harry Cassman, Joseph B. Perskie, Emerson L. Richards and Louis E. Stern, proctors for thecaveators, and the court having heard and considered the arguments and reasons advanced, and being of the opinion that the order of designation hereofore made on the 30th day of March, 1929, designating Honorable Henry H. Eldredge, judge of the common pleas court of Cape May county, to hear all the evidence and dispose of the above matter, should be vacated;
It is, on this 22d day of April, 1929, ordered that the order of designation to Honorable Henry H. Eldredge in the above-stated cause, dated March 30th, 1929, and filed April 2d 1929, be and the same is hereby vacated.
 JOSEPH A. CORIO, Judge."
An appeal was taken to the prerogative court and brought on to a hearing before me on the 30th day of January, 1930. *Page 684 
At that time it was suggested by me that as Judge Smathers had limited his designation and authority to Judge Eldredge to sit upon days and dates in the month of April and May (1929), and that these months have long since passed, the appeal raised merely a moot question and was, therefore, entirely academic. Counsel for the appellant felt that the question should be determined.
Taking the view, as I do, and as I will hereafter enlarge upon, that this is a moot question and, therefore, academic, it is unnecessary to determine, first, whether or not the order of Judge Smathers was within the provisions of 2 Comp. Stat. p.1726 § 97, and second, whether the filing thereof by him complied with section 98 on the same page of the compiled statutes, and if it did, whether the present appeal is well founded. Upon these points no opinion is expressed.
The supreme court, in McCann, Administratrix, c., v. NewYork, c., Railroad Co., 101 N.J. Law 56, said: "We think it quite clear that the court is powerless to take cognizance of the appeal because it is now academic and involves no matter in a pending case," and further, "we conclude that the order appealed from, not having been entered in the time required by the rules of the court, was null and void." The analogy in the present case is evident. The designation of Judge Eldredge was specific and limited, and by its own terms has become ineffective, and no order made by this court upon this appeal could revive the order in question. To make an order would, therefore, be without effect, and the court will not do a vain thing. Zudiak v.Szuryk, 93 N.J. Eq. 559.
Numberless cases in other jurisdiction can be cited to the effect that it is the duty of an appellate court to dismiss an appeal and not to proceed to formal judgment if, pending the appeal, an event occurs, without any fault of the defendant, which renders impossible for the court, if it should decide the case in favor of the plaintiff, to grant any effectual relief.Vidal v. South American Securities Co. (1922),276 Fed. Rep. 855. A court will not inquire into the validity *Page 685 
of a divorce obtained by a man since deceased for the mere purpose of satisfying a sentiment as to who is his widow.Lawrence v. Nelson, 113 Iowa 277; 57 L.R.A. 583.
Where the person for whom a guardian is said to be appointed dies pending appeal from judgment refusing to open, the ordinary course would be to dismiss. In re King's Guardian, 43 Cal.App. 307.
Where a physician who had been enjoined from practicing medicine and had appealed, dies after the case was argued and submitted, the appeal will be dismissed and will not be retained for the purpose of determining questions of cost.
A suit should be dimissed in the interest of the public and the court whenever the controversy has become moot, regardless of how that issue is presented or suggested. Puget Sound, c., v.Seattle, 271 Fed. Rep. 958.
In Morehouse v. Little, 40 Idaho 114, it was held that during pendency of the action, the subject thereof being destroyed, the action abated and judgment of dismissal was properly entered. The alleged error signed in the court's bill of exceptions in over-ruling a motion at the May term to dismiss garnishment proceedings became moot where the proceedings were dismissed at the following December term.
Kittles v. Thorpe, 29 Ga. App. 146. Where pending a motion for rehearing on appeal from an injunction to restrain the party committee from entertaining a contest of the primary election, the general election was held, the case has become moot and will be dismissed. Walker v. Hopping (Tex. Civ. App.),226 S.W. Rep. 146.
The principle is annotated in 6 British Ruling Cases 340.
"Another firmly established principle of jurisdiction is that the courts will not undertake to decide questions which are unrelated to an actual controversy, or which, by a change in the condition of affairs during the pendency of the action, have become purely abstract. See, in addition to the cases elsewhere cited under this head, Henkin v. Guerss (1810), 12 East 247;104 Eng. Rep. 97; Postal Teleg. Cable Co. v. Montgomery (1915),193 Ala. 234; 69 So. Rep. 428; Kelly v. MassachusettsMutual Life Insurance Co. (1892), *Page 686 46 Ill. App. 460; Modlin v. Grant County (1913),55 Ind. App. 239; 103 N.E. Rep. 506; Cutcomp v. Utt (1882), 60 Iowa 156; 14 N.W. Rep. 214; S. Davidson Bros. v. Younker
(1913), 163 Iowa 72; 143 N.W. Rep. 1113; Diuguid v. Roberts
(1909), ___ Ky. ___; 121 S.W. Rep. 464; Re Hurst Home Ins.Co. (1901), 23 Ky. L. Rep. 940; 64 S.W. Rep. 512; Johnson v.Smith (1902), 24 Ky. L. Rep. 883; 70 S.W. Rep. 192; OwenCounty v. Threlkeld (1906), 28 Ky. L. Rep. 929;90 S.W. Rep. 971; New Orleans N.W.R. Co. v. Linehan Ferry Co.
(1901), 104 La. 53; 28 So. Rep. 840; Illinois C.R. Co. v.St. Louis S.F.R. Co. (1909), 124 La. 54; 49 So. Rep. 976;Johnson v. Dosland (1908), 103 Minn. 147;114 N.W. Rep. 465; State, ex rel. Wright v. Savage (1902), 64 Neb. 684;90 N.W. Rep. 898; 91 N.W. Rep. 557; State, ex rel. Kennedy v.Broatch (1903), 68 Neb. 687; 110 Amer. St. Rep. 477;94 N.W. Rep. 1016; Funk Wagnalls Co. v. Stamm (1913),85 N.J. Law 301; 88 Atl. Rep. 1050; Costilla Land and Development Co. v.Allen (1912), 17 N.M. 343; 128 Pac. Rep. 79; Re Reynolds
(1911), 144 App. Div. 458; 129 N.Y. Supp. 629; New YorkElectric Lines v. Gaynor (1915), 167 App. Div. 314;153 N Y Supp. 244; Putzel v. Schulhof (1891), 27 Jones S.88; 13 N.Y. Supp. 231; Davis v. Seaward (1914), 85 N.Y.Mis. R. 210; 146 N.Y. Supp. 981; affirmed, 171 App. Div. 963;156 N Y Supp. 242; Potter's Estate (1885), 4 Pa. Dist. R. 329;Hurlbut v. Lookout Mountain (1898), ___ Tenn. ___;49 S.W. Rep. 301; Texas Channel and Dock Co. v. State (1911), ___ Tex. Civ. App. ___; 133 S.W. Rep. 318 (judgment reversed on ground that question involved was not purely academic in (1911) 104 Tex. 168; 135 S.W. Rep. 522); Bush v. Young
(1909), ___ Tex. Civ. App. ___; 124 S.W. Rep. 110; Randolph
v. Randolph (1831), 2 Leigh 540; Flanagan v. CentralLunatic Asylum (1884), 79 Va. 554; State, ex rel.Westenhaver v. Lambert (1902), 52 W. Va. 248;43 S.E. Rep. 176; Southern Pacific Co. v. Eshelman (1914),227 Fed. Rep. 928."
A writ of error in a proceeding attacking the validity of an apportionment act will be dismissed as presenting a moot *Page 687 
case where the election to be affected by the decree has long since been held and the persons elected have been admitted to their respective seats and their successors elected according to the same scheme of apportionment. Richardson v. McChesney,218 U.S. 487; Mills v. Green, 159 U.S. 651; Jones v. Montague,194 U.S. 147.
The appeal will therefore be dismissed for the reasons above stated.