MICHAEL A. SAGARESE, RELATOR-APPELLANT, v. ALBERT H. HOLLAND ET AL., RESPONDENTS.

Submitted October 25, 1935—Decided January 31, 1936.

For the appellant, *Minturn & Weinberger* (*Hyman Halpern,* on the brief, and *Harry H. Weinberger,* of counsel).

For the respondents, *Orville V. Meslar* (*Elmer King,* of counsel).

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. Relator-appellant having at the general election, November 4th, 1930, been elected a justice of the peace, in the first ward of Morristown, in the county of Morris, appeared before the Common Pleas judge and county clerk of Morris county on April 17th, 1931, tendering one or more bonds but refusing to swear to a statement as required by *Pamph. L.* 1931, *ch.* 131, providing, so far as here pertinent: "No person heretofore or hereafter so notified, shall qualify if he has been convicted of a misdemeanor or higher crime."

Upon appellant's refusal before referred to the judge of the Court of Common Pleas refused to approve of the bonds or either of them or to proceed with any further qualification of said appellant.

Thereupon application was made to the Supreme Court for a writ of *mandamus* to compel the said judge and the clerk to approve of one of the two bonds offered by the appellant and proceed to permit appellant to qualify himself to assume the office to which he had been elected by taking and making the required oaths, but excluding the proof required of him under *Pamph. L.* 1931, *ch.* 131, *supra.*

The Supreme Court directed the issuing of an alternative writ, because, as it said, "the legal right is not clear and the facts which well may be pertinent are not definitely settled." Such writ issued setting up, extensively and profusely, the appellant-relator's contentions, both legal and factual, his right to have a peremptory writ.

To this returns were made by both respondents contesting the legal and, in some respects, the factual right claimed. To these the relator replied.

The matter was then brought on before a Circuit Court judge and a jury in Morris county and at such trial the essential facts seem not to have been in dispute and the trial judge might well, we think, have directed the jury as to their findings of fact. This he seems not to have directly done, but, going beyond this passed upon the constitutionality of *Pamph. L.* 1931, *ch.* 131, *supra,* and *Pamph. L.* 1931, *ch.* 132, thereby settling and determining not only the facts but the questions of law then pending before the Supreme Court. He directed the jury to "return a verdict in favor of the respondents," and signed and returned into the Supreme Court a *postea* certifying—"the jury by direction of the court rendered a general verdict in favor of the respondents."

From the record before us it is difficult to determine what we are asked to review because it brings to our attention no judgment and the appeal might therefore be dismissed.

The records of the clerk of the Supreme Court disclose that a final judgment was entered, apparently as a matter of course, upon the *postea* before referred to, the adjudicating and ordering portion of which is:

"Whereupon it is adjudged that the alternative writ of *mandamus* be and the same is hereby dismissed and that the respondents  *  *  *  do recover of the said relator  *  *  * their costs  *  *  *."

Undoubtedly the *postea* in question was improper. *Rhinesmith* v. *Goodfellow,* 111 *N. J. L.* 604. This is asserted by the appellant and admitted by the respondents. The Circuit Court had authority to pass upon and settle the facts, and nothing else and the *postea* or return to the Supreme Court should have contained nothing but a certification of the facts.

The writ of *mandamus* is prerogative, in character, the original and initial control of which resides, and is exclusively lodged, in the Supreme Court, and the exercise of which right is largely discretionary. Originally there was no review of its allowance or disallowance. *Laylon* v. *State,* 28 *N. J. L.* 575; *Mannino* v. *Moffett,* 108 *Id.* 545.

Now, by statute, reviews are provided for when a final judgment of the Supreme Court shall have been given (3 *Comp. Stat., p.* 3216, § 4) or where the alternative writ is denied or a rule to show cause why such writ should not be issued is discharged. 3 *Comp. Stat., p.* 3216, § 6.

In the case before us a constitutional question was presented to the Supreme Court and apparently was not decided by that court.

The appeal here seeks to bring to us for review alleged errors of the Circuit Court judge upon this constitutional question as well as errors in directing the verdict.

In causes of this character the facts are to be settled by a jury in a trial at *nisi prius* under the direction of the Supreme Court justice, or, under the present day practice, of a Circuit Court judge, sitting in his place, and the sole jurisdiction and function of such justice or judge is to make return to the Supreme Court, by *postea,* of the facts as found by the jury; the settlement of all legal questions residing in the Supreme Court. 3 *Comp. Stat., p.* 3214, § 2; *Reeves* v. *Ferguson,* 31 *N. J. L.* 289; *Finger* v. *Doane,* 98 *Id.* 635; *Freda* v. *Societa,* 106 *Id.* 17.

The proceeding in the Supreme Court, as presented to us by the record, is admittedly and obviously irregular and erroneous, and while its judgment, viewed either as a denial of the peremptory, and dismissal of the alternative writ under section 6, 3 *Comp. Stat., supra,* or as a final judgment under section 4, 3 *Comp. Stat., supra,* is one which this court can review and finally determine, we conclude that we should do so only to the extent of reversing the judgment because of the irregularities pointed out and remand the cause to the Supreme Court for such action as it may properly be moved to take by the parties.

Such will be the judgment of this court.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.