MICHAEL A. SAGARESE, RELATOR, v. ALBERT H. HOL-
LAND, JUDGE, ET AL., RESPONDENTS.

Submitted May 5, 1936—Decided August 12, 1936.

Before Justices PARKER, LLOYD and DONGES.

For the relator, *Michael A. Sagarese, pro se.*

For the respondents, *King & Vogt.*

PER CURIAM.

By this proceeding relator seeks a peremptory writ of *mandamus* to compel the Common Pleas judge of Morris county to approve a bond tendered by him and to permit him to qualify as justice of the peace. An alternative writ was heretofore allowed and a question of fact was raised which was sent to the Circuit for trial. At the trial the Circuit Court judge directed that judgment be entered in favor of the respondents and against the relator. Upon appeal to the Court of Errors and Appeals, this judgment was set aside upon the ground that the sole function of the Circuit Court was to settle the facts in dispute and that the application of the law was in the province of the Supreme Court. See *Sagarese* v. *Holland,* 116 *N. J. L.* 137; 183 *Atl. Rep.* 195. Upon the remanding of the record, the Circuit Court, upon application of the relator, signed an amended *postea* reciting that there being no dispute in the testimony upon the alleged question of fact, the court directed the jury to find as a fact that the Common Pleas judge had refused to approve the

bond because the relator declined to take affidavit that he had not been convicted of a misdemeanor or higher crime, as required by chapter 131, *Pamph. L.* 1931; *N. J. Stat. Annual* 1931, § 106-11. Upon this amended *postea,* relator now asks a peremptory writ.

Passing the question of the propriety of the procedure adopted, we deem it sufficient to say that the question has now become moot, due to the fact that the five-year term for which relator was elected justice of the peace expired before the submission of this case to this court. He was elected in November, 1930. Courts will not determine moot questions. *Funk & Wagnalls Co.* v. *Stamm,* 85 *N. J. L.* 301; 88 *Atl. Rep.* 1050; *In re Braunstein,* 105 *N. J. Eq.* 682; 149 *Atl. Rep.* 349. Cases originally presenting a real controversy may become moot pending determination. 1 *C. J. Secundum* 1017. Obviously, a judgment in his favor would avail relator nothing. He seeks to occupy the office to which he was elected, but the term has expired. No matter of public interest is involved. The question presented is, therefore, moot and will not be determined.

The application will be denied.