MICHAEL A. SAGARESE, RELATOR, v. ALBERT H. HOL-LAND, JUDGE, ET AL., RESPONDENTS.

Argued October 7, 1936—Decided October 20, 1936.

Before Justices PARKER and LLOYD.

For the relator, *Michael A. Sagarese, pro se.*

For the respondents, *King & Vogt.*

PER CURIAM.

At a previous term of this court relator moved for judgment on an alternative writ of *mandamus* and for the award of a peremptory writ. The court refused the application on the ground that the case had become merely academic. See 14 *N. J. Mis. R.* 652; 186 *Atl. Rep.* 589. Now the relator claims that he is entitled to costs (No. 240); and the respondents, having failed heretofore to enter the proper rule refusing a peremptory writ and finally determining the litigation in their favor, apply at this time for leave to enter such rule. (No. 233.)

The history of the case will be found in *Sagarese* v. *Holland,* 116 *N. J. L.* 137; 183 *Atl. Rep.* 195. The relator having applied for a *mandamus,* the application was heard by this court at the October term, 1931, and on February 8th, 1932, the court awarded an alternative writ saying "the legal right is not clear, and the facts which may well be pertinent are not definitely settled." *Sagarese* v. *Holland,* 10 *N. J. Mis. R.* 230; 159 *Atl. Rep.* 146. The issue having been framed on the alternative writ, the case went to the Circuit for trial before a Circuit judge and this resulted in the entry of a judgment "dismissing" the alternative writ, with costs. On appeal the Court of Errors and Appeals held this was technically wrong (116 *N. J. L.* 137; 183 *Atl. Rep.* 195 *supra*), and sent the record back to the Supreme Court for proper action. That court signed an amended *postea* settling the essential facts and on that *postea* relator asked for a peremptory writ, which this court refused, as already stated. 14 *N. J. Mis. R.* 652; 186 *Atl. Rep.* 589, *supra.* Upon the rendering of this decision the proper action for the respondents to have taken was to enter a rule for judgment in their favor denying the writ. This they did not do and now ask leave to enter such judgment. We think that there was a

lapse on their part, but in the interests of terminating this tedious litigation, respondents may enter a suitable rule for judgment in their favor.

On the other hand there is a cross-application for the award of costs in favor of the relator. He appeared at the argument and handed up a brief in lieu of orally arguing the matter. This brief has been carefully considered with the result that we find ourselves unable to concur in the proposition that he is entitled to costs under the circumstances.

The application for costs will, therefore, be denied.