Theresa Risko, complainant-respondent,

*v.*

Andrew Risko, defendant-appellant.

[Submitted February term, 1946. Decided May 3d, 1946.]

*Mr. Benjamin Ratner,* for the appellant.

*Mr. Frank A. Boetlner,* for the respondent.

The opinion of the court was delivered by

Perskie, J.

The two appeals before us in this cause arise out of a separate maintenance and support suit, one phase of which has already received our attention. *Risko* v. *Risko, 136 N. J. Eq. 93; 40 Atl. Rep. (2d) 545.* When the controversy between the parties was last before us, we affirmed an order refusing

to reduce the alimony to be paid by the husband to the wife; and we modified the same order which adjudged the husband in contempt and directed that he be committed to jail, by holding that in lieu of his commitment a fine not too large should be imposed upon him for the use of the state. *Risko* v. *Risko, supra.*

Following our decision in this matter a dispute arose as to the form of the *remittitur*. That submitted by respondent was finally entered and we allowed to respondent's solicitor a counsel fee of $100. Motion was then made to settle the form of the final decree which was ultimately entered on April 18th, 1945. That decree, in conformity with our conclusions, adjudged the husband in contempt of a former decree directing him to pay $17.50 weekly to his wife, the proofs being that he paid but $10 weekly, and further required him to pay a $50 fine for the use of the state, the costs of the proceedings, the $100 counsel fee allowed by us, and an additional $250 counsel fee allowed for the proceedings in the Court of Chancery. The decree allowed the husband 90 days within which to comply therewith. Subsequently, and on motion, the final decree was amended by order dated May 22d, 1945, so that the husband was allowed 48 days instead of 90 days from the entry of the final decree within which to comply therewith.

The husband appeals from those portions of the final decree, dated April 18th, 1945, (1) directing him to pay a counsel fee of $250 and (2) directing that he pay the same within 90 days or be committed. In addition the husband appeals from that portion of the order of May 22d, 1945, amending the final decree, which requires that the counsel fees and costs to be paid within 48 days from the entry of the final decree which is within 14 days from the entry of the order of May 22d, 1945.

The husband is now in contempt of court. He has not yet paid the fine imposed upon him, nor the costs of the proceedings, nor the fee of $100 to his wife's counsel allowed by this court, although more than 90 days from the time of the entry of the decree has elapsed. He has disregarded practically every order made against him.

1. There is no merit to the husband's appeal from that portion of the decree which accelerated the time within which he was ordered to make the aforestated payments. The facts in our opinion clearly manifest that the advisory master did not, as urged, abuse his discretion. Additionally, the issue raised has unquestionably become moot. We do not determine a moot question. *Sagarese* v. *Holland, 14 N. J. Mis. R. 652; 187 Atl. Rep. 559; In re Braunstein, 105 N. J. Eq. 682, 686; 149 Atl. Rep. 349; Nemm* v. *Brandle, 114 N. J. Eq. 334; 168 Atl. Rep. 644.*

2. The proofs utterly fail to support the allowance of $250 to the wife's counsel whether the allowance was made to him for services in this court or in the Court of Chancery. If the allowance was made for services in this court, we had already fixed the amount ($100) for such services. If, on the other hand, the allowance was in fact for additional services in Chancery, then such services were those relating to the imposition of a fine in accordance with the opinion of this court. *Risko* v. *Risko, supra.* Such services would not appear to warrant a larger fee than that which was allowed the wife's counsel ($50) when the husband was adjudged in contempt in Chancery. The motion papers submitted to this court concerning the form of the *remittitur* do not support the contention that our allowance of $100 was for the services rendered on the *remittitur* only. The allowance requested was for services on the *remittitur* and on the appeal and we made allowance accordingly.

The cause is remanded to the court below there to be treated consistently with this opinion. No costs are allowed to either party.

*For affirmance*—PARKER, J. 1.

*For dismissal*—DONGES, RAFFERTY, JJ. 2.

*For modification*—THE CHIEF-JUSTICE, BODINE. HEHER, PERSKIE, OLIPHANT, WELLS, DILL. McGEEHAN, JJ. 8.