## H. S. ROGERS v. D. W. McMILLEN.

### Decided October 29, 1910.

**1.—Broker—Contract—Commissions—Pleading and Proof—Variance.**

An allegation that plaintiff procured a purchaser who was ready, able and willing to buy a certain tract of land, is not supported by proof simply that plaintiff procured a purchaser who said he would buy the land provided his wife was willing to live on it.

**2.—Same—Performance of Contract—Insufficient Proof.**

Testimony that a party to whom a land agent had first shown a tract of land afterwards bought the same directly from the owner at a less price than the agent asked, would not support an allegation that said party was ready, able and willing to pay the higher price asked by the agent, and that a sale by him would have been consummated.

#### ON MOTION FOR REHEARING.

**3.—Same—Obstructing Sale.**

When the consummation of a sale of land by his principal is prevented by the act of the agent in levying a writ of attachment on the land, the agent is not entitled to commissions either on a sale negotiated by himself or by his principal.

Appeal from the County Court of Parmer County. Tried below before Hon. R. W. Connell.

*Carl Gilliland,* for appellant.

*Crudgington & Umphres,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—H. S. Rogers, defendant in the trial court, has appealed from a judgment in favor of D. W. McMillen, plaintiff, for the sum of six hundred and forty dollars. For cause of action plaintiff alleged that he was employed by defendant to procure a purchaser for one hundred and sixty acres of land belonging to the latter, and that as a part of the contract of employment it was agreed that the compensation which plaintiff should receive for any sale which plaintiff might negotiate would be the excess in the selling price over and above sixteen dollars per acre. It was further averred that plaintiff procured a purchaser in one, Amos Hart, who was ready, willing and able to purchase the land and pay therefor twenty-two dollars per acre, but that defendant refused to execute a deed to the purchaser upon those terms, and thereby defendant had become liable to pay plaintiff nine hundred and sixty dollars, for which amount a recovery was sought.

The evidence showed without controversy that plaintiff was employed by defendant to procure a sale of the land upon the terms alleged; that through the efforts of plaintiff and his agents Hart was induced to look at the land with a view to a purchase. After an inspection of it he agreed to buy it if his wife would agree to live upon it. While waiting to learn whether or not his wife was willing so to do, Hart agreed with defendant

through another agent to purchase the land for twenty dollars per acre, making a cash payment to defendant at the time of the agreement of five hundred dollars. Pending a consummation of this sale plaintiff procured the levy of a writ of attachment on the land, issued in this suit, and by reason of this action on his part Hart refused to close the trade until the levy of the writ was released.

Upon evidence establishing these facts, the trial court instructed the jury peremptorily to return a verdict in plaintiff's favor for six hundred and forty dollars. This proof did not support the cause of action alleged in plaintiff's petition. We, at least, doubt plaintiff's right to recover commissions on a sale the consummation of which he has defeated by the levy of the writ of attachment. Besides, the services for which he alleged defendant owed him nine hundred and sixty dollars were for procuring a purchaser ready, willing and able to pay twenty-two dollars per acre for the land, and even if it could be said that his efforts to sell were the procuring cause of the offer made by Hart to purchase at the price of twenty dollars per acre, proof of that fact would not support the allegation that Hart was willing to pay twenty-two dollars per acre for the land.

For the error pointed out the judgment is reversed and the cause remanded.

### ON MOTION FOR REHEARING.

Plaintiff's original petition was improperly copied in the transcript and through inadvertence we referred to it as the petition upon which the suit was tried, instead of the amended petition, a copy of which is also included in the transcript.

There was no variance between the proof and the contract alleged in the latter pleading, and what we said in our former opinion upon that question was inapplicable to the case as pleaded in the amended petition.

However, as shown in our former opinion, the failure of defendant to consummate the proposed sale to Hart at twenty dollars per acre has been prevented solely by the acts of plaintiff in levying the writ of attachment, and for this reason, independent of any other, the trial court erred in rendering judgment in plaintiff's favor. Furthermore, the fact that plaintiff was made the exclusive agent of defendant to sell the property would make no difference. 19 Cyc., 267; Mechem on Agency, sec. 965. Rehearing denied.

*Reversed and remanded.*