TEXAS CHANNEL & DOCK COMPANY ET AL. v. STATE OF TEXAS.

No. 2232.    Decided March 15, 1911.

**1.—Public Lands—Islands—Location of Land Certificate.**

Lands of the State situated upon islands of the Gulf are not subject to location by land certificates. Roberts v. Terrell, 101 Texas, 577, followed.    (P. 169.)

**2.—Action Against State—Railroad.**

In an action by the State to recover lands claimed under an invalid location, a railroad company which had located its line of road thereon could defend its location and possession under its right to build over lands of the State. Such defensive proceeding was not an action against the State.    (P. 169.)

**3.—Railway—Location on State Lands—Judgment.**

The State having sued for and recovered land held under an invalid location, a railway company claiming right of way over the land, defendant in such suit, was entitled to a decree protecting it in its right to locate its road thereon as public land. The judgment of recovery, without such qualification, would deprive it of the right so to do given it by the statutes of the State.    (Pp. 169, 170.)

**4.—Railway—Location on State Land—Islands.**

A railway company has a right to locate its line upon and acquire a right of way over public lands of the State (Rev. Stats., art. 4423) though they are situated upon an island of the Gulf.    (P. 170.)

Error to the Court' of Civil Appeals, Third District, in an appeal from Travis County.

The State sued for the recovery of land and had judgment. Defendants appealed and the judgment was affirmed after being modified on cross-assignments of error by appellee. Appellants then obtained writ of error.

*Denman, Franklin & McGown* and *Gregory, Batts & Brooks,* for plaintiffs in error.

*Jewel P. Lightfoot,* Attorney-General, and *L. A. Dale,* Assistant, for defendant in error.—The islands on the Gulf Coast are specially reserved to the State and are not subject to appropriation by railroads for rights of way or other purposes. Rev. Stats., arts. 4423-4426; Acts 1900, First Called Session, p. 29; Roberts v. Terrell, 101 Texas, 577; State v. Delesdenier, 7 Texas, 76; Tabor v. Commissioners, 29 Texas, 508; Franklin v. Tiernan, 56 Texas, 618; Day Land & Cattle Co. v.

State, 68 Texas, 526; Hunter v. Howard, 10 S. & R. (Pa.), 243; Shrunk v. Schuylkill Nav. Co., 14 S. & R. (Pa.), 70; Johns v. Davidson, 16 Pa., 512; Stover v. Jack, 60 Pa., 339; Fisher v. Haldeman, 20 How., 186; Fisher v. Carter, 1 Wall., 69.

MR. JUSTICE RAMSEY delivered the opinion of the court.

In this case the State recovered from the plaintiffs in error in the District Court of Travis County the title to the land in controversy. In the judgment there rendered it was decreed that same "shall be without prejudice to the rights of said railway (The Aransas Harbor Terminal Railway) to construct its railroad over the lands herein recovered by the State along the route heretofore surveyed by said road, provided said road is constructed before said land is sold or otherwise appropriated under the laws of this State." The judgment did not particularly set out the field notes or contain any further description of this right of way, but same was very fully and minutely described in the answer of the plaintiffs in error and its exact location further illustrated by plats attached thereto, which original plats have, under order of the trial court, been sent up with the record. From this judgment plaintiffs in error prosecute an appeal to the Court of Civil Appeals for the Third Supreme Judicial District. The State filed a cross-assignment of error attacking the conclusion and judgment of the trial court in so far as same recognized and confirmed the validity of the right of way on and in the lands in suit. The issue of title depends on the validity of the location of the William A. A. Wallace survey on Harbor Island. That lands situated on islands in this State are reserved from location has not only been settled generally in this State from a very early day, but this rule of decision has been very recently applied in respect to this very Wallace certificate in Roberts v. Terrell, 101 Texas, 577. Clearly the judgment for the title to the land and the decree cancelling the patents were not only justified but required and the Court of Civil Appeals did not err in so determining.

We think, however, that that court erred in setting aside the decree of the District Court recognizing, confirming and respecting the rights of way on said Island claimed by plaintiffs in error. In this connection it should be said that there is no assignment that such right of way interferes with any special use of said lands by the State, that more land has been designated as right of way than will in fact be reasonably necessary or that as laid out on the ground that it will result in a monopoly. The sole proposition submitted by the State is that under the Constitution and laws of this State, land situated on islands is "not subject to appropriation by a railroad company for its use as a right of way or otherwise." We can not agree with the Court of Civil Appeals that the effort and prayer of the plaintiffs in error to protect their possession to the extent of their right of way and its proper use as such was, in the sense in which the law uses that term, a suit against the State, and therefore not to be entertained. This but constitutes defensive matter setting up a right of qualified possession and was a proper matter for consideration and settlement in a suit brought by the State. Nor can we coincide with the Court of Civil Appeals in their statement that the question is purely academic. Clear-

ly, it seems to us, that except for the protection furnished plaintiffs in error in the judgment of the District Court, a judgment for the State, with no reservation, would have concluded plaintiffs in error as to any 'right in the land whatsoever.

So we are confronted with the direct proposition: Is land belonging to the State, situated upon an island within the State, subject to appropriation (where there is nothing either excessive, irregular and specially hurtful in the manner or extent of such appropriation) by a railway company for its use as a right of way? The affirmative of this proposition was recently held in a well reasoned opinion by Associate Justice Rice of the Court of Civil Appeals in the recent case of Rockport and Port Aransas Railroad Co. v. The State of Texas, not yet published, and such is our own opinion.

Section 1 of article X of the Constitution, so far as is here applicable, is as follows: "Any railroad corporation or association organized under the law for the purpose, shall have the right to construct and operate a railroad between any points within this State, and to connect at the State line with railroads of other States."

Articles 4422, 4423 and 4425 of our Revised Statutes are as follows:

"Art. 4422.  Any railroad corporation shall have the right to construct and operate a railroad between any points within this State and to connect at the State line with railroads of other States."

"Art. 4423.  Every such corporation shall have the right of way for its line of road through and over any lands belonging to this State, and to use any earth, timber, stone or other material upon any such land necessary to the construction and operation of its road through or over said land."

"Art. 4425. . Such corporation shall have the right to lay out its road not exceeding two hundred feet in width, and to construct the same; and for the purpose of cuttings and embankments to take as much more land as may be necessary for the proper construction and security of its railway, and to cut down any standing trees that may be in danger of falling upon or obstructing the railway, making compensation in the manner provided by law."

The comprehensive language of the constitution, "between any points within this State," is made effective and carried almost literally into the Revised Statutes.  It will be noted, too, that this right of way is granted "over any lands belonging to this State," without exception, qualification or abridgement of the right.  It occurs to us that to adopt the contention of the State that this right should not exist on islands belonging to the State would be by judicial construction to destroy the plain meaning of the statute, go contrary to the wise and salutary provisions of the Constitution and statutes of the State, arrest the enterprise of our people and stop them at the water's edge and deny them aid to or participation in the commerce and carrying trade of the seas.  Such a construction is not, we believe, in fairness to the language of the law to be adopted.  As shown by Judge Rice in his .opinion in the case noted above it runs contrary to the construction and practice obtaining in this State for more than a generation.  We deem it unnecessary to extend the discussion further.

It follows necessarily from what we have said that the judgment

of the Court of Civil Appeals must be as it is hereby reversed and that the judgment of the District Court should be as it is in all things hereby affirmed.