**HICKS et al. v. WELLS et al.**

**No. 3574.**

Court of Civil Appeals of Texas. Amarillo.
March 18, 1931.

Rehearing Denied April 8, 1931.

Carl Gilliland, of Hereford, for appellants.

Shannon, Ochsner & Pheiffer, of Amarillo, for appellees.

HALL, C. J.

This suit was filed by Wells & Wells, real estate brokers, to recover of J. W. Hicks and W. H. Hicks commissions alleged to be due plaintiffs for their services in effecting a sale of certain land which belonged to the defendants to Clemens Rickwartz and wife.

The plaintiffs allege that they procured Rickwartz and wife as purchasers for the land belonging to the defendants, who were satisfactory to defendants and who entered into a valid enforceable contract in writing with said proposed purchasers, setting forth the terms and conditions of the sale. That plaintiffs were entitled under their contract to receive 5 per cent. upon the purchase price, which amounts to $1,306, which defendants have failed and refused to pay.

The defendants answered by general demurrer and general denial, and later filed a trial amendment in which they allege that the plaintiffs have been disloyal, caused their contract with Rickwartz and wife to be acknowledged on the 18th day of February, 1930, and before any commissions were due and payable, and had said contract recorded in the office of the county clerk of Randall county on the 19th day of February, 1930, for the purpose of clouding the defendants' title to the land and compel the defendants to pay plaintiffs the commissions which they claim.

The sufficiency of the pleadings is not questioned.

The case is before us upon one proposition by which it is insisted that the court erred in refusing to peremptorily instruct the jury to find in favor of the defendants.

The court submitted only one issue, as follows: "Did the defendant W. H. Hicks, before or on the 18th day of February, 1930, disaffirm and refuse to perform the written contract dated January 27, 1930, introduced in evidence as plaintiffs' exhibit 'A'?" To which the jury answered "Yes." Based upon this verdict, the court rendered judgment against the defendants for the full amount sued for and interest.

The record shows that the defendants had entered into a written valid contract of sale with Rickwartz and wife, and later, without any excuse, refused to consummate the deal. The willingness and ability of Rickwartz and wife to complete the sale prior to the time the defendants refused to convey and breached their contract to do so is not questioned. The plaintiffs were entitled to their commission when the binding contract between defendants and the proposed purchasers was entered into, and upon breach of the contract by defendants, and their refusal to consummate the deal, plaintiffs were justified in terminating the relation of principal and broker and at once take the necessary steps to collect what was due them under their brokerage contract.

The appellants rely upon the case of Rogers v. McMillen, 62 Tex. Civ. App. 486, 132 S. W. 853. That case is not applicable. In that case there was only a conditional agreement on the part of the purchasers to buy the land. In the instant case, a valid binding contract had been entered into. In the Rogers Case the broker attached his principal's land before he was entitled to recover his commission. That is not the condition here. There is a maxim that he who comes into equity must come with clean hands.

In Sanders v. Cauley, 52 Tex. Civ. App. 261, 113 S. W. 560, the court said equity will not aid a complainant if his claim grows out of or depends on or is inseparably connected with his own prior fraud or misconduct. It is not contended that the defendants in this case were justified in breaching their contract to sell to Rickwartz. Since they are the original wrongdoers, they are in no position to ask a court of equity to protect

them against the payment of compensation which had already been earned, because, as they allege, the brokers had been disloyal and unfaithful.

We are not called upon to discuss the ethical side of this controversy, but as a matter of equity the defendants' hands are unclean, and they are in no position to charge the other party to the transaction with fraud, even if such a charge could be sustained. The act of the plaintiffs in procuring Rickwartz and wife to acknowledge the contract after the defendants had refused to comply with it, and the further conduct of plaintiffs in having the contract placed upon the deed records, may have had the effect of clouding the title to the land described in the contract, but this is not a suit to remove cloud, and we are not concerned with that matter.

There is no reversible error in the record, and the judgment is affirmed.