**WARD v. BLEDSOE et al.**

No. 1839.

Court of Civil Appeals of Texas. Waco.

May 27, 1937.

Lem Wray and J. T. Spencer, both of Waxahachie, for appellant.

J. L. Gammon and G. Goodwin Sweatt, both of Waxahachie, for appellees.

GALLAGHER, Chief Justice.

This suit was instituted by appellant, R. A. Ward, against appellees, Mrs. Edna Bledsoe and her husband, E. S. Bledsoe, to obtain a mandatory injunction requiring appellees to remove gates and open a road across the northwest corner of a tract of land owned by Mrs. Bledsoe. Appellant alleged 'that such road had become public by prescription; that he and the public had used the same for about fourteen years; that he had no other way of ingress or egress except over said road and was using it exclusively for such purposes when appellees closed the same and forbade him to travel thereon. Appellees answered by general denial.

The case was tried by the court and judgment rendered denying the injunction sought by appellant. As a basis therefor, the court recited therein that the testimony showed that appellant had not had open, uninterrupted possession of said roadway for a period of ten years; that he only began to use it in December of 1925 or January of 1926; that his use was with the permission of Mrs. Bledsoe's predecessor in title; that appellees closed said roadway in January, 1934, and any use of the same since said time had been purely permissive. The court further found that there was no· testimony of any privity of estate between appellant's land and Mrs. Bledsoe's land and that therefore no way of necessity was shown.

Appellant's first contention is that the alleged road had been used as

such for more than ten years next before Mrs. Bledsoe, in 1934, purchased the land over which the same ran; that the right of user had become vested by prescription; that he was therefore entitled to a mandatory injunction requiring appellees to remove fences and gates and allow the road to remain open for his use and the use of the public; and that the finding of the court to the contrary, as hereinbefore recited, is against the overwhelming weight and preponderance of the evidence. The statement of facts discloses that two or more maps or plats were used in the interrogation of witnesses. Neither of the same is found in the record. In the absence thereof, much of the testimony is vague and inconclusive and some of it unintelligible. Briefly, we gather from the statement of facts that appellant's tract of land was wholly surrounded by the lands of others; that Mrs. Bledsoe's tract of land lay immediately east of his tract; that both such tracts had a common boundary on the north; that there was, prior to December, 1925, or January, 1926, a roadway along or near the eastern boundary of appellant's tract of land, and wholly thereon, which ran northward to his boundary line, from which point he had access to a public road over lands belonging to others than Mrs. Bledsoe's predecessors in title; that he used said road for ingress and egress to his land continuously until the date aforesaid; that at that time a bridge on said roadway was washed away and the reconstruction of same would have been attended with considerable labor and expense. Apparently, Mrs. Bledsoe's land was at that time unfenced, and appellant, by turning to the right and crossing the northwest corner of her land onto the land of another, could reach the roadway theretofore used by him. Such new route entered Mrs. Bledsoe's land about 250 yards south from her northwest corner and emerged therefrom about 50 yards east of said corner, separating about 3 acres of her land from the rest of her tract. Appellee Mrs. Bledsoe acquired title to her said tract in January, 1934, and shortly thereafter built a fence around the same. Appellant's land was then occupied by a tenant and he was notified that the gates at each end of this passway were temporary and would remain there only long enough for appellant to make some other arrangement for ingress and egress to his land. While there were various conflicts in the testimony, the solution of the same was for the trial court. In considering the sufficiency of the testimony as a whole to support the finding of the trial court here assailed, we must disregard all evidence adverse thereto and consider only that favorable to such finding, indulging every legitimate conclusion which tends to uphold the same. Ross v. Houston Oil Fields Ass'n (Tex.Civ.App.) 88 S.W.(2d) 586, 591, par. 1, and authorities there cited. Appellant's contention is therefore overruled.

Appellant's second and last contention is that the testimony shows affirmatively that his land was completely surrounded by lands belonging to other persons; that he had no outlet except over the land of some other person; that he had used the roadway across Mrs. Bledsoe's land for more than ten years; and that the court should have granted his application for a mandatory injunction. Appellant's claim of prescriptive right to the use of the route over Mrs. Bledsoe's land was involved in his first contention, which we have just overruled. Appellant was not entitled to an easement over the land of Mrs. Bledsoe as a way of necessity merely on the ground that there was no other convenient way in which he could travel from his farm to market. A way of necessity does not arise merely because of inconvenience. It is dependent upon an implied grant or reservation, and cannot exist unless it is affirmatively shown that there was formerly unity of ownership of the alleged dominant and servient estates, for no one can have a way of necessity over the land of a stranger. Necessity alone, without reference to any relations between the respective owners of the land, is not sufficient to create such a right. 19 C.J. p. 921, § 114;- Brundrett v. Tarpley (Tex.Civ.App.) 50 S.W.(2d) 401, 402, par. 4, and authorities there cited. Neither appellant's pleadings nor the testimony introduced was sufficient to support a finding that appellant was entitled to an easement over the route so traveled by him as a way of necessity.

The judgment of the trial court is affirmed.