STATE et al. v. COLLINS & BURFORD
DRUG CO. et al. (STREET, Intervener).

No. 13776.

Court of Civil Appeals of Texas.
Fort Worth.

·June 10, 1938.

Rehearing Denied July 15, 1938.

William McCraw, Atty. Gen., and M. C. Martin and Lloyd Davidson, Jr., Assts. Atty. Gen., for plaintiff in error State of Texas.

Raymond E. Buck, of Fort Worth, for plaintiff in error Commercial Standard Ins. Co.

Massingill & Belew, of Fort Worth, for defendant in error Guy O. Street.

DUNKLIN, Chief Justice.

The State of Texas, acting by and through its Attorney General, instituted this suit against C. G. Collins,· individually, C. O. Burford, individually, C. G. Collins and C. O. Burford, formerly doing business as Collins & Burford Drug Company, a partnership; Collins-Burford Company, Inc., a corporation; and Commercial Standard Insurance Company, to collect taxes claimed to be due the State by the defendant Collins & Burford Drug Company, as wholesale liquor dealers. Judgment was also

sought against the Commercial Standard Insurance Company, the surety on the bond executed by Collins-Burford Company, Inc., given in order to procure the permit to engage in that business.

According to allegations in plaintiff's petition, the sheriff of Tarrant County, acting under an order of the Texas Liquor Control Board, seized and confiscated certain liquors formerly belonging to the partnership firm of Collins & Burford Drug Company, and the individuals composing the same, for failure of those dealers to have tax stamps attached thereto. After such seizure the sheriff, on the 5th day of August, 1936, advertised such liquors for sale. On the 15th day of August, 1936, the sheriff offered such liquors for sale, and Collins-Burford Company, Inc., bid therefor the sum of $10,600, and that amount was immediately paid in cash to the sheriff. After the sheriff had made delivery to the buyer of 424 cases of the liquors, which had a reasonable market value of $6,360, the Texas Liquor Control Board, on or about the 1st of September, 1936, entered an order declaring the sale void, in that prior notice thereof was not posted for the length of time required by the statute, and for the further reason that the liquor was not properly confiscated. According to further allegations, the Liquor Control Board still has in its possession the $10,600 so paid for the entire stock, and plaintiff offered in its pleadings to give credit for that amount on the total amount of taxes sued for.

The suit was instituted on February 20th, 1937. On May 8th, 1937, the defendants C. G. Collins and C. O. Burford, in their individual capacity and as co-partners, formerly doing business as Collins & Burford Drug Company and Collins-Burford Company, Inc., filed an answer to the petition, consisting of a general demurrer, numerous special exceptions, a general denial and a special answer in which it was alleged that the liquor for which taxes were claimed was stored in the Douglass Guardian Warehouse, in Fort Worth, Texas, which was a liquor warehouse, bonded and operating as such under the rules and regulations of the Texas Liquor Control Board, and under the Liquor Laws of the State of Texas, affecting warehouse companies. That under the rules and regulations of the Liquor Control Board no tax was required to be paid on liquor stored with such warehouse company, and having a permit as such. There were further allegations that the liquors so stored in the warehouse were not owned by those defendants, but were on consignment by various distilleries throughout the country, who held warehouse receipts therefor from said warehouse company, which showed the ownership of the liquors to be vested in said distilleries and not in the defendants. According to further allegations, the defendants had paid all taxes due on liquors that had not been stored with the warehouse company.

Guy O. Street, by leave of the court, filed a plea of intervention, alleging the seizure and sale of the liquor, as alleged by the plaintiff; the purchase of the same by Collins-Burford Company; the payment therefor by them of $10,600; and the holding of the same by the Texas Liquor Control Board, after its repudiation of the sale, all as alleged in plaintiff's petition. According to further allegations, just prior to that sale, the defendants Collins and Burford, individually and as members of the partnership, Collins & Burford Drug Company, entered into an agreement with the intervener, by the terms of which the latter agreed to advance to them, individually and as partners, money in the sum of $8,700, to enable them to buy in the liquors at said sale, said money to be used for that purpose and to satisfy taxes assessed against the same, with the further distinctive agreement and understanding that said money was to be advanced by the intervener on condition that the sale be consummated and the stock of liquor delivered to said Collins and Burford, free of all tax liens and claims asserted by the Board; and that as soon as said purchasers, Collins and Burford, made such purchase, they would give to the intervener a valid prior chattel mortgage lien on the liquor so purchased, to secure the payment of the money so advanced, and that if such sale was not consummated and the stock of liquor so delivered to the purchasers, and intervener did not obtain a valid prior super lien thereon, in the manner aforesaid, that the money so advanced by the intervener should be at once returned to him. It was further alleged that the intervener advanced said money, under the aforesaid agreement with Collins and Burford, in reliance upon the action of the Board in seizing and selling the liquor and upon representations of Collins and Burford that the sale was lawful and valid, and that the liquor would be delivered to them when the sale was consummated, and upon the agreement of Collins and Burford that they would immediately

upon the consummation of the sale carry out their agreement with him, as above noted; that notwithstanding the repudiation of the sale by the Board, the State has retained the $10,600 claiming the right to apply the same upon the taxes due and owing by Collins and Burford, as wholesale liquor dealers. It was further alleged that after the election of the State and the Board to hold said $10,600, intervener and Collins and Burford agreed to rescind the contract theretofore made between them before the sale of the liquor, on condition that said money so advanced by intervener, to wit, $8,700, should be at once returned to him; that thereupon intervener and Collins and Burford gave notice to the Board and to the plaintiff of the exact facts as heretofore alleged, and that the money so advanced by intervener, which was a part of the $10,600 paid by Collins and Burford for the purchase of the liquor under the sheriff's sale, belonged to the intervener, but that plaintiff and the Board refused to return the money to Collins and Burford, or to the intervener, and are wrongfully retaining the same, in the absence of any rights, claims, liens or title of any kind in and to the same.

In an alternative count in the plea of intervention, it was alleged that if the furnishing of the money by the intervener to Collins and Burford, as above alleged, constituted only a loan, that immediately after the Board entered its order declaring the sale to be invalid, Collins and Burford assigned to intervener all their rights, title, claim and interest in and to the money so advanced, and by reason thereof, title to the same was vested in the intervener, and plaintiff and the Board have refused to deliver the same to him. It was further alleged that the possession of the money was obtained by the wrongful act of the Board in seizing and selling the liquor and thereafter repudiating the validity of the sale, and plaintiff has no lawful right to apply the money so advanced by the intervener to the payment of taxes owing by the Collins-Burford Company, and by reason of the facts so alleged, intervener is vested with equitable title to the $8,700 so advanced by him, and which plaintiff is under the implied legal obligation to return to him.

The record shows an agreed statement of facts, duly signed by the assistant attorney general, for the State of Texas; by attorney for Guy O. Street, intervener, and by attorney for Collins and Burford, and Collins & Burford, Inc., sustaining the allegations in the plea of intervention, with respect to the agreement and conditions relative to the furnishing by intervener of $8,700 for the purchase of the liquor at the sheriff's sale, and assignment to intervener by Collins and Burford of all their title and interest in $8,700 of the $10,600 now held by the Board.

Upon the trial of the case, judgment was rendered in favor of the intervener, Guy O. Street, as against all the parties, for the $8,700 of the $10,600 paid by Collins and Burford as a purchase price for the liquor when the same was sold to them at the purchase price paid for the stock of liquor, as above recited; with the further order that the Texas Liquor Control Board pay said sum to said intervener. Plaintiff excepted to that order, and from that judgment plaintiff has brought the case to this court by writ of error.

Following are the only two assignments of error in the brief filed by the plaintiff in error:

"Assignment of Error No. 1. The trial court erred in overruling the plaintiff's general demurrer to intervener's petition, because intervener has no right to sue the State of Texas without its consent.

"Assignment of Error No. 2. The trial court erred in overruling plaintiff's general demurrer for the reason that intervener has no such interest in the subject matter of the suit between the State of Texas and Collins and Burford Company as entitles him to intervene."

In a supplemental brief, the action of the court in sustaining a general demurrer to the plea of intervention is also assigned as fundamental error.

The only demurrer or exception filed by the plaintiff to the plea of intervention reads as follows: "Plaintiff excepts to said plea in intervention of said Guy O. Street and says that the same is insufficient in law to require plaintiff to answer and states no cause of action, and of this plaintiff prays judgment of the court."

The record here does not show that the demurrer was ever presented to and overruled by the court. We do not believe that the intervention constitutes a suit against the State. It presents a claim for money alleged to belong to the intervener, which the State is holding without title thereto or lien thereon, and intervener's claim is presented in the suit theretofore instituted by the State, in which the State is

seeking a recovery against Collins and Burford for taxes owing by them, and to hold the money for the purpose of satisfying those taxes owing by Collins and Burford. 38 Tex.Jur. sec. 37, page 859, and decisions there cited; sec. 39, page 860. At all events, by that suit the State has waived its right to urge the objection to the intervention on the ground of absence of allegations of permission of the Legislature to institute it, as insisted under the first assignment of error, even if it be conceded that the general demurrer was sufficient to present that objection. Anderson, Clayton & Company v. State, 122 Tex. 530, 62 S.W.2d 107, and cases cited; State v. Cloudt, Tex.Civ.App., 84 S.W. 415 writ refused; State v. Zanco's Heirs, 18 Tex.Civ.App. 127, 44 S.W. 527, writ refused; Gunter v. Atlantic Coast Line R. Co., 200 U.S. 273, 26 S.Ct. 252, 50 L.Ed. 477, 479; Clark v. Barnard, 108 U.S. 436, 2 S.Ct. 878, 27 L.Ed. 780; Texas Channel & Dock Co. v. State, 104 Tex. 168, 135 S.W. 522; Imperial Sugar Co. v. Cabell, Tex.Civ. App., 179 S.W. 83.

■ By a proposition submitted under its assignment of error No. 2, the contention is made that the agreement between Collins and Burford with intervener that the $8,700 advanced by the latter should be returned to him if the former should fail to acquire title to the stock of liquor by purchase, could not be given effect because so to do would be to violate the parol evidence rule—a rule of substantive law—in that it would tend to vary the terms of the primary contemporaneous written contract for loan of the money. That contention is without merit, since it is clear that the agreement for return of the money advanced by the intervener was the consideration for the first agreement to lend it. It was a separate and independent agreement which in no manner varied or contradicted the terms of the first agreement. It was therefore valid and enforceable and under the facts agreed to it operated to revest title in the intervener to the $8,700 so advanced as soon as the sale was repudiated by the Board. Southwestern Public Service Co. v. Smith, Tex. Civ.App., 48 S.W.2d 456, writ of error dismissed and cases cited; New York Life Ins.

Co. v. Thomas, 47 Tex.Civ.App. 149, 104 S.W. 1074; Downey v. Hatter, Tex.Civ. App., 48 S.W. 32; Martin v. Rotan Grocery Co., Tex.Civ.App., 66 S.W. 212 writ denied; 17 Tex.Jur., p. 826; Stuart v. Meyer, Tex. Civ.App., 196 S.W. 615, writ refused; Nat. Life & Accident Ins. Co. v. Lucas Funeral Home, Tex.Civ.App., 89 S.W.2d 468, writ dismissed; Thomason v. Lee, Tex.Civ.App., 4 S.W.2d 157, writ refused; American Slicing Machine Co. v. Vincent, Tex.Civ.App., 279 S.W. 317.

Moreover, since the State and the Liquor Control Board were both strangers to the agreement of intervener with Collins and Burford for furnishing of the $8,700 in controversy, neither is in position to invoke the parol evidence rule in support of the contention now under discussion. Johnson v. Portwood, 89 Tex. 235, 34 S.W. 596, 787; Vander Stucken v. Willoughby, Tex.Civ.App., 242 S.W. 478; Oil Well Supply Co. v. Burk-Waggoner Oil Co., Tex.Civ.App., 261 S.W. 830; Milliken v. Anderson, Tex.Civ.App., 294 S.W. 921; Bagley v. Pollock, Tex.Civ. App., 19 S.W.2d 193; 17 Tex.Jur., par. 359, page 803.

■■ Aside from the foregoing conclusion, the assignment by Collins and Burford to the intervener of their right to a return of the $8,700 so advanced, after the Liquor Control Board elected to repudiate the sale of the stock of liquor, was sufficient of itself to vest in the intervener title to the money. The interest so acquired by the intervener entitled him to intervene in the suit to enforce it. Rev.Civ.St. Art. 1998; 32 Tex.Jur. sec. 38, p. 65, sec. 43, p. 71, and decisions there cited, including Galveston H. & S. A. R. Co. v. Ginther, 96 Tex. 295, 72 S.W. 166. And the fact that the State is a party to the suit does not change the rule. Tyree v. Road Dist., etc., Tex.Civ.App., 199 S.W. 644, writ refused; 32 Tex.Jur. par. 48, p. 77; Colorado & Southern R. Co. v. People, 53 Colo. 571, 128 P. 886.

Intervener having established title in the fund claimed and the State showing no title or right to its possession, all of appellants' assignments of error are overruled, and the judgment of the trial court is affirmed.