STATE OF TEXAS V. COLLINS & BURFORD DRUG COMPANY ET AL.

No. 7478. Decided May 24, 1939.
(128 S. W., 2d Series, 382.)

*William McCraw*, Attorney General, *M. C. Martin, Tom Gordon, Jr.,* and *Lloyd Davidson, Jr.,* Assistants Attorney General, for plaintiff in error.

Intervenor's cause of action is independent of and separate from the State's suit for taxes because the two actions grew out of distinct transactions; and being such independent suit,

intervenor's action cannot be prosecuted against the State in the absence of Legislative consent. The plea of intervenor being a suit as distinguished from a claim, the State could not waive its immunity from suit without Legislative consent. Anderson, Clayton & Co. v. State, 122 Texas 530, 62 S. W. (2d) 107; Texas Channel Co. v. State, 104 Texas 168, 135 S. W. 522; Mosheim v. Rollins, 79 S. W. (2d) 674.

*Massingill & Belew* and *Homa S. Hill,* all of Fort Worth, for defendants in error.

The State having instituted the suit and having sought to apply the fund, including that claimed by intervenor to an alleged debt of defendants, and having presented no demurrers to the plea of intervention and having voluntarily agreed to a hearing on the issues made and presented thereby and to submit its rights to a judicial determination, waived its immunity from suit and the plea of intervention was properly allowed, and the court had jurisdiction and power to determine the ownership of said money. State v. Cloudt, 84 S. W. 415; State v. Zanco's Heirs, 44 S. W. 527; 59 C. J. 327.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On August 15, 1936, the Sheriff of Tarrant County, under directions of the Texas Liquor Control Board, sold a stock of liquors which the Board had attempted to confiscate, and Collins-Burford Company, Inc., became the purchaser thereof for the sum of $10,600. Said sum was deposited in cash with the said Texas Liquor Control Board. Several days later after a small amount of the liquors had been delivered to the purchaser, the Board entered an order declaring the sale void for certain reasons, and refused to relinquish the stock of liquors to Collins-Burford Company, Inc. From recitals in the record, it appears that these liquors were delivered to a receiver appointed by the Federal Court in some proceeding. The Texas Liquor Control Board, however, retained the $10,600 which had been deposited with it.

On February 20, 1937, the State of Texas, by its Attorney General, instituted a suit in the District Court of Tarrant County against Collins-Burford Company, Inc., Collins & Burford Drug Company, a partnership, and C. G. Collins and C. O. Burford, individually. The purpose of the suit was to collect a large amount of tax alleged to be due by the defendants to the State on various stocks of liquors. In its petition

the State set out the facts concerning the purported sale to Collins-Burford Company, Inc., and of the deposit of $10,600 with the Texas Liquor Board. It was alleged that the Board had declared the sale void, but that said Board still retained in its possession the $10,600. Without attempting to allege any lien or any particular reason why said sum should be applied as part payment upon any judgment obtained by the State for taxes, the State merely stated that it should be allowed as a deduction from the alleged tax liability.

Defendants answered in said cause, setting out, among other things, that the purported sale of said liquors had been declared void, and claiming the money on deposit with the Texas Liquor Control Board. On March 23, 1937, one Guy O. Street was permitted to intervene, on the ground that of the $10,600, the sum of $8,700 was his money, under the terms of an agreement which he had made with Collins-Burford Company, Inc., by which said money had been advanced for the purchase of said liquors, with an understanding that if title to same did not pass and he (Street) was not secured by a valid lien upon said liquors, the said sum of $8,700 was to be returned to him. Defendant Collins-Burford Company, Inc., admitted the claim of Street.

By agreement of the State, represented by the Attorney General, on the one part, and Street on the other, the title or right to said $8,700 was tried before the court in advance of a trial of the tax suit upon its merits; being submitted upon an agreed statement of facts. Upon hearing the trial court entered judgment awarding the $8,700 to intervenor Street. While the judgment was in terms against all other parties and in favor of Street, manifestly it was in substance only a determination that the said sum of money was the property of Street, and in no sense was the property of the State of Texas or the Texas Liquor Control Board. The State prosecuted an appeal to the Court of Civil Appeals from the judgment of the trial court awarding said $8,700 to Street. In the Court of Civil Appeals a motion was made to dismiss the appeal on the ground that the judgment was not a final one. In answer to this motion the State, among other things, said: "Guy O. Street has no other interest in the litigation other than the recovery of the $8,700 for which he now has a judgment rendered by the trial court. His recovery of the $8,700 in question completely disposed of the subject matter concerning the controversy between the defendant in error and the plaintiff in error."

The motion to dismiss was overruled and the State obtained a hearing upon the merits of its appeal. The judgment of the trial court was affirmed. 118 S. W. (2d) 965.

■ This Court is no longer concerned with the merits of Street's claim. The sole proposition submitted is that the court was without jurisdiction, because Street as an intervenor had not been granted permission by the Legislature to sue the State. It seems to us apparent that this proposition is wholly without merit. The proceeding in question was in no sense a cross action upon a claim against the State in the main suit prosecuted by the State, nor an intervention relative to the merits of that suit. It is obvious that the case was nothing more than an informal proceeding in the nature of a trial of a right to property by agreement of the parties; to which property neither the State nor the Texas Liquor Control Board had any title, but as to which the State merely claimed some undefined right to have said money applied as an offset to taxes, if, as and when recovered. It was very appropriate, it seems to us, to try the right and title to the money on deposit with the Liquor Control Board prior to the trial of the tax suit upon its merits, and we cannot see how the State in any manner was surrendering its immunity. It voluntarily entered into a contest to try the right to property, and Street was not asserting any claim against the State, which obviously had no title to the money.

The agreed statement of facts signed by the Attorney General contained the following:

"The parties whose names are signed hereon, acting by and through their respective attorneys in the above entitled and numbered cause, agree that the following is a statement of facts relating to the intervention of Guy O. Street herein, *upon which judgment may be rendered.*" (Emphasis ours.)

In brief filed by the Attorney General in the Court of Civil Appeals it is said:

"The only relief sought by Guy O. Street was the return of $8,700 which he claimed was his as against all the other parties to the suit. It was agreed by the parties that a hearing should be had on the intervention of Guy O. Street to determine as a matter of law if the money in the possession of the Texas Liquor Control Board was actually the money of Guy O. Street. A hearing was held at which evidence was introduced solely with reference to and for the purpose of de-

termining the issues raised by the plea of intervention filed by Guy O. Street."

■ But it is urged that the judgment was void because it directed the Texas Liquor Control Board to turn over to Street the $8,700, and said Board was not a party to the suit. While not formally named as a party in the intervention proceeding, it appears obvious that the Board was not claiming any title to the money and was regarded as merely an agency of the State, which would be bound by a decree against the State. In other words, the Attorney General appears to have proceeded on the theory that he was acting for the Board as well as for the State. In the statement of facts on motion for new trial we find the following:

"The Court: Let the record show that came on to be heard at this time motion filed by the State of Texas *in relation to the State Liquor Board* for rehearing of the decree heretofore entered with reference to the claim of Guy O. Street to the funds held by the State Liquor Board growing out of the purported sale to Collins & Burford of certain liquors, which sale was thereafter set aside," etc. (Emphasis ours)

But if in fact the Liquor Control Board is not bound by the judgment, that part of same directing it to turn the money over to Street is a nullity; but the State, so far as this action is concerned, is nevertheless bound.

It appears to be admitted that the purported sale to Collins-Burford Company, Inc., was void, and they never received any consideration for the $10,600. There seems to be no question that of said amount the sum of $8,700 was rightfully the property of Street. Under all principles of justice this money should not be retained by the Liquor Control Board awaiting action of the State in its suit for taxes. However, the suit was in no sense one against the State, and no recovery was obtained from the State, but merely a decree awarding the money in controversy to Street.

It is but fair to state that the Assistant Attorney General who tried this proceeding in the district court, and who made the admissions referred to, resigned before final submission of the case in the Court of Civil Appeals, and those now representing the Attorney General's Department had no personal knowledge of the proceedings in the trial court.

For the reasons stated the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court May 24, 1939.