## PORIZKY v. OLINGER.

No. 13435.

Court of Civil Appeals of Texas. Dallas.

Oct. 22, 1943.

Rehearing Denied Nov. 19, 1943.

**996**

John E. V. Jasper and F. B. Davenport, both of Dallas, for appellant.

No one appeared for appellee.

YOUNG, Justice.

Appellant, plaintiff in the trial court, and duly licensed real estate dealer, filed this suit against appellee for commission provided in a real estate contract between defendant and a third party. Additional thereto, Porizky sought damages following his arrest upon a sworn complaint made by Mrs. Olinger to the Dallas County District Attorney. Defendant answered, in substance, that plaintiff had procured execution of the contract by an oral promise to assign her all commissions coming to him from the realty transaction; that the Olinger land was subject to a lien and plaintiff had prevented the exchange of properties by refusing to assign aforesaid commissions, thereby defeating defendant's financial arrangements. In answer to the action for malicious prosecution, defendant plead reliance on the advice of an assistant district attorney after a full disclosure of facts to said official. From an adverse judgment, Porizky has appealed; and here we note that appellee has filed no reply brief.

Upon request of plaintiff, the trial court made and filed comprehensive findings of fact and conclusions of law; and in appellant's seven points of error, attack is made upon these findings, principally because same are either (1) insufficient in law as a basis for defendant's judgment; or (2) not supported by the statement of facts. We quote one of the findings so made: " * * * that plaintiff Porizky entered into an agreement with Mrs. Olinger prior to her execution of the exchange contract and on which she relied in entering into and executing said exchange contract, and but for which said agreement on the part of plaintiff Porizky she would not have entered into and executed said exchange contract, to advance to Mrs. Olinger at least $1500.00 of his commission of $1625.00, without collateral or security, the amount of which advance was to be used and applied by her as part of the cash consideration to be paid by her under the terms of said exchange agreement to the United Fidelity Life Insurance Company, but when the exchange was ready to be closed except for meeting the objections to the title, plaintiff Porizky refused to advance any of said $1625.00 commission from the United Fidelity Life Insurance Company without collateral or security; I also find from the evidence that such failure to make that loan as promised made it impossible for Mrs. Olinger to comply with her part of the exchange contract, * * *."

In considering the sufficiency of testimony as a whole to sustain trial court findings, the Appellate Court will disregard

all adverse evidence and consider only that favorable thereto, indulging every legitimate conclusion which tends to uphold the finding. Ward v. Bledsoe, Tex.Civ. App., 105 S.W.2d 1116; Exporters & Traders Compress & Warehouse Co. v. Steele, Tex.Civ.App., 111 S.W.2d 867; Houston, etc., Ins. Co. v. Biber, Tex.Civ. App., 146 S.W.2d 442. This rule may be invoked in aid of defendant's judgment, and particularly on the finding above quoted that plaintiff had promised Mrs. Olinger to complete her financial arrangements by assignment of at least $1,500 of his resulting commission; his later refusal wholly disabling her from contract performance. Appellant argues that all defense witnesses testified to an outright gift of the commission in question, which was inconsistent with the court finding that Porizky had promised to assign his commission, without collateral or security. The evidence as a whole, we think, would support the existence of an oral assignment of commissions. The points of error in this connection are that, whether a gift or loan, the alleged promise was no defense to plaintiff's suit, because the effect would be to vary the terms of a written contract by parol statements not merged in the writing; that it was without consideration and therefore unenforceable; that it was illegal, as violative of Sec. 20, Art. 6573a, Vernon's Ann.Civ.St., Real Estate Dealers Act, reading: "Sec. 20. It shall be unlawful for any real estate dealer or real estate salesman to offer, promise, allow, give, or pay directly or indirectly any part or share of his commission or compensation arising or accruing from any real estate transaction to any person who is not a licensed dealer or salesman in consideration of service performed or to be performed by such unlicensed person, and no real estate salesman shall be employed by or accept compensation from any person other than the dealer under whom he is at the time licensed, and it shall be unlawful for any licensed real estate salesman to pay a commission to any person except through the dealer under whom he is at the time licensed."

■ To above contentions, our conclusions, briefly, are, (1) that the parol evidence rule does not affect a purely collateral contract, independent of and not inconsistent with the written agreement; 17 T.J., Sec. 370, p. 825; 20 Am.Jur., Sec. 1140, p. 993; (2) defendant has changed her position to her disadvantage and injury in reliance upon plaintiff's aforesaid promise of commission. A loss or detriment to the promisee is sufficient consideration for a promise; 10 T.J., Sec. 71, p. 124; and see Texas Co. v. Dunn, Tex. Civ.App., 219 S.W. 300, 302, which includes the following statement from 1 Parson on Contracts: "For it is a perfectly well settled rule that, if a benefit accrued to him who makes the promise, or if any loss or disadvantage accrues to him to whom it is made, and accrues at the request or on the motion of the promisor, although without benefit to the promisor, in either case the consideration is sufficient to sustain assumpsit." (3) The inhibition of Sec. 20 above patently relates to an unlicensed person performing some service toward effectuating the purchase, sale, or exchange of realty, and not to the principals involved in such transaction.

■ Aside from Sec. 20, and under above finding, Porizky knew that defendant would be unable to complete the exchange without specified financial assistance. Thus, upon his refusal, after execution of the contract, plaintiff was in no position to demand a commission; and similarly so where consummation of the deal has been prevented by his own conduct; Rogers v. McMillen, 62 Tex.Civ.App. 486, 132 S.W. 853.

■ Appellant's cause of malicious prosecution grew out of a $50 loan by Mrs. Olinger to plaintiff upon promise of collateral which was not furnished; followed by her sworn complaint and Porizky's arrest. The trial court found that defendant had made a complete disclosure to the District Attorney of all facts relevant to the alleged criminal offense; not inclusive, however, of the prior real estate transaction, according to the narrative statement of facts. Whether defendant made full and fair statement to the prosecuting attorney, acting in good faith with probable cause and no malice, were all questions for the trial court; and such findings have either been expressly made by that court or may be inferred from the record in support of the judgment rendered.

All points of error upon examination are overruled and the judgment below is affirmed.

Affirmed.