## EVERS et ux. v. ARNOLD.

### No. 9706.

Court of Civil Appeals of Texas. Austin.

March 17, 1948.

Rehearing Denied April 7, 1948.

Wm. Yelderman, of Austin, for appellants.

Looney & Clark, by Donald S. Thomas, all of Austin, for appellee.

GRAY, Justice.

G. H. Evers and wife, Olga Evers, sued Lloyd E. Arnold for $500 damages, which damages they alleged accrued to them as the result of breach of an oral agreement made with them under the following circumstances:

Arnold was a real estate broker and as such negotiated a contract of purchase and sale of real estate with plaintiffs. The real estate was owned by one J. R. McCoy and wife, and was offered for sale to the plaintiffs by Arnold for a cash price of $7,500. Plaintiffs alleged they informed Arnold they had only $2,000 cash which they could pay down on the property; that Arnold agreed to procure a loan for them on the property for $5,500; that upon making this agreement to procure the loan of $5,500. and relying upon the said agreement, they entered into a written contract with Arnold, as agent for the owners, to purchase the property for $7,500, and paid the sum of $500 to Arnold, as earnest money, to be applied under the terms of the contract of purchase and sale, which terms are not necessary to further set out here. The loan was not obtained, plaintiffs were unable to carry out their contract of purchase, and thereupon the $500 earnest money was forfeited and lost to plaintiffs.

The trial was to a jury; plaintiffs testified defendant, Arnold, made the agreement with them to procure the loan of $5,500; that this agreement was made before the written contract of purchase and sale was entered into and the $500 earnest money paid. The defendant denied making the agreement to obtain the loan, and said his agreement was only to assist plaintiffs in procuring the largest loan possible on the property. This is the substantial difference in the testimony of plaintiffs and the defendant, and we do not think it necessary to further set out the testimony of the parties.

At the conclusion of the testimony one special issue was submitted to the jury.

By the answer to this special issue the jury found that prior to the execution of the written contract, the defendant promised plaintiffs he would obtain a loan of $5,500 on the property described in the contract. After the verdict of the jury was received plaintiffs filed their motion for judgment, and the defendant filed his motion for judgment non obstante veredicto. The court sustained defendant's motion and rendered judgment that plaintiffs take nothing by their suit. From this judgment plaintiffs have appealed, and predicate their appeal on two points, substantially as follows:

The trial court erred in refusing to render judgment for them upon the verdict of the jury because the oral testimony was admissible to prove a separate and distinct contract between appellants and appellee, which was the inducing cause of appellants' entering into the contract of purchase and sale. And because it was shown two contracts were executed, one with the owners of the property, and one with appellee, each being upon a sufficient consideration and each being independent of the other. Appellee contends the oral evidence is an attempt to engraft an oral condition on a written contract and violates the parol evidence rule; that the oral contract, if shown, is of no legal effect, and the evidence does not show an independent contract.

The jury found on conflicting evidence the alleged oral contract to procure a loan of $5,500 was made as alleged. The trial court concluded the verdict of the jury was of no probative force because predicated on oral testimony which varied, modified and contradicted the terms of the written contract, violated the parol evidence rule, and was not admissible.

■ We cannot agree with the trial court or with appellee. By the agreement appellee bound himself to procure a loan for appellants, and such agreement did not contradict, modify or vary the written contract, but such written contract was a binding obligation with or without the oral agreement. The oral agreement, if performed by appellee, would have enabled appellants to have paid cash to the owners of the property as provided in the contract of sale, but the failure of performance by appellee did not relieve them of legal liability under such contract. The agreement, found by the jury to have been made, was independant of the contract of purchase and sale, and in no way limited or contradicted its terms. Unless prohibited by statute or some rule of evidence, we know of no reason why parties may not make as many separate contracts as they may deem necessary to the conduct of their business. As found by the jury appellee contracted with appellants to procure a loan for them, and now presents no legal reason why he should not be bound by the agreement as he made it. In Porizky v. Olinger, 177 S.W.2d 995, 997, the Dallas Court of Civil Appeals, in passing on facts somewhat similar to the facts here, said: " * * * the parol evidence rule does not affect a purely collateral contract, independent of and not inconsistent with the written agreement; 17 T.J., § 370, p. 825; 20 Am.Jur., § 1140, p. 993." And further held the defendant relying on the agreement, having changed her position to her disadvantage and injury, there was a sufficient consideration for the promise.

We hold, the jury having found the oral contract alleged and testified to by appellants was entered into, the promise may be enforced as being a collateral agreement not inconsistent with or repugnant to the written contract. State v. Collins-Burford Drug Co., Tex.Civ.App., 118 S.W.2d 965, affirmed 133 Tex. 122, 128 S.W.2d 382, by the Commission of Appeals; Jones on Evidence, Civil Cases, 3rd Ed., § 439, p. 668.

■ We further hold the trial court erred in granting appellee's motion for judgment non obstante veredicto. And it appearing this cause has been fully developed in the trial court and a mistaken interpretation of the law resulted in judgment being there rendered for appellee instead of for appellants, we now reverse the judgment of the trial court and here render judgment that appellants recover judgment against appellee for their damage in the sum of $500 and costs.

The judgment of the trial court is reversed and rendered.

Reversed and rendered.